IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dawain Bell and Alice Spinks, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> The City of Chicago, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 14-cv-7382 ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Defendant the City of Chicago (the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, respectfully removes the above-entitled action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, and in support of this removal, states as follows:

1. The City has been named as a defendant in this civil action initially filed in the Circuit Court of Cook County of the State of Illinois, County Department, Law Division, Case Number 14 L 050589, entitled *Dawain Bell and Alice Spinks v. City of Chicago, et al.*

2. The case arises from the arrest of Plaintiff Bell and the seizure and impoundment of the vehicle he was driving for the offense of unlawful drugs found in a vehicle. Compl. at ¶ 6. Plaintiff Spinks is the owner of record of the vehicle. *Id.* Plaintiffs complain that Chicago Mun. Code ("MCC") § 2-14-101 *et seq.*, which sets forth the applicable procedures, fines, and fees for regaining such an impounded vehicle, violates both the United States and Illinois Constitutions by, *inter alia*: (1) permitting unreasonable, warrantless searches and seizures; (2) not allowing

1

the right to a jury trial; and (3) allowing hearing officers at the City's Department of Administrative Hearings ("DOAH") to make determinations such as probable cause. *See, e.g.*, Compl. at ¶ 43, 52, 93-100. Plaintiffs also allege several other causes of action, including violations of Illinois Supreme Court rules, unjust enrichment, and conversion.

3. Although Plaintiffs allege that "[t]here is no Federal Jurisdiction over this case…" (Compl. at ¶ 2), the Complaint, on its face, belies this allegation. In fact, Count I is titled "**The Ordinance's Arrest and Vehicle Seizure Provisions Are Repugnant to [sic] Fourth Amendment of the U.S. Constitution and Article I §13 of the Illinois Constitution**"; and it goes on to allege that "[t]he Impoundment Ordinance violates the Fourth Amendment of the U.S. Constitution and *Art. I § 6* of the Illinois Constitution in two major respects." Compl. at ¶ 41. *See also id*. at ¶ 46 (the "City of Chicago's Ordinance violates Fourth Amendment individual constitutional rights by unlawfully vesting the City's hearing officer with judicial power to determine probable cause for warrantless arrest and seizure of the property (vehicle)…"). For relief, Plaintiffs ask the Court for an order declaring "the Impoundment Ordinance to be invalid and contrary to *federal and state constitutions*…" *Id*. at ¶ 51A (emphasis added).

4. Accordingly, this Court has federal jurisdiction pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable . . ."[1]

5. Defendant was served with summons and a copy of the Complaint on August 25, 2014. Defendant's removal is therefore timely pursuant to 28 U.S.C. § 1446(b), which provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through

---

[1] Of course, constitutional violations alleged against a municipality must be brought pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Ward v. Caulk,* 650 F.2d 1142, 1147 (1981). Defendant will address this, and the other insufficiencies of Plaintiffs' constitutional claim, at the appropriate juncture.

2

service or otherwise, of a copy of an ... order or other paper from which it may first be ascertained that the case is one which is or has become removable."

6. Said complaint and a motion for class certification are the only pleading that have been served in this action. Copies of these pleadings and proof of service on Defendant are attached hereto as Exhibit A.

7. Promptly after filing this Notice of Removal, Defendant shall file a copy of such notice with the Clerk of the Circuit Court of Cook County of the State of Illinois, pursuant to 42 U.S.C. § 1446(d).

Wherefore, Defendant by this notice removes the above described action now pending in the Circuit Court of Cook County, in the State of Illinois, County Department, Law Division, No. 14 L 050589, to this United States District Court for the Northern District of Illinois.

    Respectfully Submitted,

    STEPHEN R. PATTON
    Corporation Counsel
    City of Chicago

    BY:   /s/ Rebecca Alfert Hirsch

Mardell Nereim
Rebecca Alfert Hirsch
Grant E. Ullrich
Assistant Corporation Counsel
30 N. LaSalle Street, Suite 1230
Chicago, IL 60602
(312)742-0260

Dated: September 23, 2014

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney of record for the Defendants, hereby certifies that on September 23, 2014, she served a copy of the foregoing **Defendant's Notice of Removal** on counsel listed below via U.S. Mail:

Donald Kent Birner
2613 Mayflower Drive
Pekin, Illinois 61554
(309) 347-7058


                 /s/ Rebecca Alfert Hirsch