# EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

`* 0 1 5 2 6 9 2 9 *`

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CIVIL                              DIVISION

No. _____

DEWAIN BELL AND ALICE SPINKS  on behalf of themselves and all others similarly situated

(Name all parties)

v.

CITY OF CHICAGO, a municipal corporation

*121 N. Casalle*
*Chgo. IL. 60602*    ⦿ SUMMONS   ◯ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room 801_____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ◯ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ◯ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ◯ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ◯ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ◯ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ◯ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 0213152_____

Name: Donald Kent Birner_____

Atty. for: Plaintiffs_____

Address: 2613 Mayflower Dr._____

City/State/Zip: Pekin, Il. 61554_____

Telephone: 309.347.7058_____

WITNESS, _____

'AUG 05 2014

DOROTHY BROWN

Clerk of Court

Date of service: ___8/25/14_____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: not applicable_____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

*01526929*

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CIVIL _____ DIVISION

No. _____

DEWAIN BELL and ALICE SPINKS  on behalf of themselves and all others similarly situated

(Name all parties)

v.

CITY OF CHICAGO, a municipal corporation
_____

*121 N. LaSalle*
*Chgo. Il. 60602*  ◉ SUMMONS   ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 801 , Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 0213152 _____

Name: Donald Kent Birner _____

Atty. for: Plaintiffs _____

Address: 2613 Mayflower Dr. _____

City/State/Zip: Pekin, Il. 61554 _____

Telephone: 309.347.7058 _____

WITNESS, _____, _____

AUG 05 2014

DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

SEAL

Service by Facsimile Transmission will be accepted at: not applicable _____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF ILLINOIS
COOK COUNTY STATE OF ILLINOIS

| | | |
|---|---|---|
| DAWAIN BELL and ALICE SPINKS<br>on behalf of themselves and<br>all others similarly situated,<br>    Plaintiffs<br><br>    vs.<br><br>THE CITY OF CHICAGO<br>    a Municipal Corporation,<br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Division<br>CLASS ACTION<br><br>Case No.  2014 L 050589  Calendar 3 |

## COMPLAINT FOR DAMAGES, DECLARATORY AND OTHER RELIEF

Donald K. Birner
Attorney for Plaintiffs
2613 Mayflower Dr.
Pekin, IL 61554
Phone: 309/347-7058
Attorney Registration  # 0213152

## TABLE OF CONTENTS

Page

I.   JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     *735 ILCS 5/2-101* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  NATURE OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. CHALLENGED IMPOUNDMENT ORDINANCE . . . . . . . . . . . . . . . . . . . . . . . . 2

     *Chicago Municipal Code, § 2-14-101, 2-14-132, 2-14-135*
     *and those sections incorporated by reference* . . . . . . . . . . . . . . . . . . . . . 2, 4

IV.  CODE SECTIONS SET FORTH VERBATIM . . . . . . . . . . . . . . . . . . . . . . . . . 5
     *Chicago Municipal Code, § 2-14-101* . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     *Chicago Municipal Code, § 2-14-132* . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     *Chicago Municipal Code, § 2-14-135* . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.   FACTS AS TO NAMED PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VI.  CLASS ACTION ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     *735 ILCS 5/2-801* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13
     A. Class Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        *Chicago Municipal Code, § 2-14-132* . . . . . . . . . . . . . . . . . . . . . . . . 12
     B. Requirements for Class Certification . . . . . . . . . . . . . . . . . . . . . . . . . 13
        a. Numerosity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        b. Adequacy of Representation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        c. Common Questions of Law and Fact . . . . . . . . . . . . . . . . . . . . . . . . 14
        d. Appropriateness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT REQUIRED
     WHERE JURISDICTION OR POWER TO ADJUDICATE IS DISPUTED . . . . . . . . 16

VIII. CAUSES OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Count I - The Ordinance's Arrest and Vehicle Seizure Provisions Are Repugnant to Fourth
Amendment of the U.S. Constitution and Article I § 13 of the Illinois Constitution . . . . . . . . 16
     U. S. Constitution, Fourth Amendment . . . . . . . . . . . . . . . . . . . 16, 17, 18, 19
     Illinois Constitution, Art. I § 6 . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 19, 20
     *735 ILCS 5/2-801* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

i

Count II - The Ordinance Violates the Statutory Right to Jury Trial  Pursuant to the
Provisions of the Code of Criminal Procedure ................................... 21
    *725 ILCS § 5/103-6* .................................................. 21, 22
    *730 ILCS 5/5-1-7* ..................................................... 23
    *735 ILCS 5/2-801* ..................................................... 24

Count III - Statutory Right to Jury Trial Exists for Violations of this Impoundment
Ordinance Pursuant to the Illinois Code of Civil Procedure ........................ 24
    *735 ILCS 5/2-1105* ................................................ 24, 25
    *735 ILCS 5/2-801* ..................................................... 26

Count IV - The Ordinance Deprives Defendants Right to Jury Trial Afforded by
Supreme Court Rules ...................................................... 27
    *S. Ct. Rule 501* .................................................... 27, 28
    *S. Ct. Rule 505* ....................................................... 27
    *625 ILCS 5/6* ......................................................... 28
    *735 ILCS 5/2-801* ..................................................... 29

Count V - The Ordinance Deprives Defendants Their Right to Trial by Jury Under the
Illinois Constitution ...................................................... 29
    *Illinois Constitution Art. 1 §13* ..................................... 29, 30
    *735 ILCS 5/2-801* ..................................................... 31

Count VI - Illinois S. Ct. Case Law Requires Jury Trial for Dispossession/Forfeiture of
Property ................................................................ 31
    *People v. O'Malley, 158 Ill. 2d 453* .................................. 31, 32
    *735 ILCS 5/2-801* ..................................................... 33

Count VII - The Impoundment Ordinance Violates the Illinois Constitution Article VI § 2
Entitled "Courts" ......................................................... 33
    *Illinois Constitution Art. VI* ....................................... 33, 36
    *730 ILCS 5/5-1* ....................................................... 34
    *720 ILCS 600/5(d)* .................................................... 36
    *Controlled Substance Act 570/505 (e)* ................................. 36
    *720 ILCS 5/36-2* ...................................................... 36
    *735 ILCS 5/2-801* ..................................................... 37

Count VIII - The Ordinance Violates Article VI § 9 of the Illinois Constitution That
Reserves Justiciable Matters to the Original Jurisdiction of the Circuit Court ............. 37
    *Illinois Constitution Article VI* ..................................... 37
    *735 ILCS 5/2-801* ..................................................... 39

Count IX - Owner/Driver Ordinance Violates Compulsory Joinder Statute Multiple

Prosecutions for Same Act 720 ILCS 5/3-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39
    § 7-24-225 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
    735 ILCS 5/2-801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Count X - The Ordinance is Unreasonable and Therefore Invalid . . . . . . . . . . . . . . . . . . . . . . 42
    § 2-14-103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42
    735 ILCS 5/2-801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Count XI - Declaratory Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43
    735 ILCS 5/2-701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Count XII - Unjust Enrichment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44
    735 ILCS 5/2-801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Count XIII - Conversion of Personal Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
    735 ILCS 5/2-801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Count XIV - Accounting and Constructive Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

## <u>TABLE OF EXHIBITS</u>

Exhibit A - Receipt for Towing/Storage charges paid by Plaintiff, Alice Spinks

Exhibit B- Findings, Decisions and Order

Exhibit C- Ordinance involved

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF ILLINOIS
COOK COUNTY STATE OF ILLINOIS

| | | |
|---|---|---|
| DAWAIN BELL and ALICE SPINKS | ) | |
| on behalf of themselves and | ) | |
| all others similarly situated, | ) | |
| Plaintiffs | ) | CLASS ACTION |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| THE CITY OF CHICAGO | ) | |
| a Municipal Corporation, | ) | |
| Defendant | ) | |

## COMPLAINT FOR DAMAGES, DECLARATORY AND OTHER RELIEF

Plaintiffs, DAWAIN BELL and ALICE SPINKS, both individually and on behalf of all others similarly situated, by Donald K. Birner, their attorney, state for their Class action Complaint against the Defendant, CITY OF CHICAGO, a Municipal Corporation ("Chicago" "City" or "Defendant") upon their personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, inter alia, the investigation made by their attorney, state as follows:

## I. JURISDICTION AND VENUE

1.    Venue is proper because the transactions at issue occurred in Cook County and in the City of Chicago and one of the Plaintiffs and the Corporate Defendant are a residents of Cook County. *735 ILCS 5/2-101.*

2.    There is no Federal Jurisdiction over this case because Plaintiffs personally seek no relief, cause of action, remedy or damages in excess of $75,000 and because no claims arise under the laws of the United States. Plaintiffs individually expressly disclaim damages in excess of

1

$75,000.  Class members individual claims will not exceed $75,000.00.

## II.  NATURE OF ACTION

3.      This action is a facial challenge to defendant's vehicular impoundment code.

## III.  CHALLENGED IMPOUNDMENT ORDINANCE

4.      This is a putative Class action brought by Plaintiffs individually and on behalf of a Class of persons, who owned or operated a vehicle(s) impounded by Defendant for alleged violations in connection with *Chicago Municipal Code, § 2-14-132* that imposes an [administrative] penalty of two thousand dollars ($2,000.00) and in some cases three thousand dollars ( $3,000.00) plus unlimited towing and storage fees.

5.      The subject Impoundment Ordinance *§ 2-14-132 (1)* provides in relevant part that the owner of a vehicle seized and impounded pursuant to its "use related offense sections" is subject to an administrative penalty in the amount of $2,000.00 to $3,000.00 plus towing and storage fees. The Ordinance section specifies 18  predicate  offenses, that involve the use of a vehicle which authorizes impoundment.

6.      As detailed herein after, the City wrongfully and illegally impounded named plaintiff Alice Spinks' vehicle  and other putative  Class members vehicles based on the premise that the vehicles were allegedly used in the commission of one or more "use related offenses". The Spinks vehicle's operator, Dawain Bell, was arrested and the vehicle owned by Alice Spinks was seized and impounded for an alleged violation of an "use related offense." Plaintiff Spinks was forced to pay a penalty or fine in the amount of $2,000.00 plus towing and storage fees to regain her vehicle. The code section lacks any provision for  a jury trial in circuit court or any Fourth Amendment  probable cause determination regarding the arrest or seizure of the vehicle by detached neutral magistrate.

7.     The Ordinance provides for a preliminary hearing conducted by an administrative law officer to determine if the city's police officer had probable cause to believe that the vehicle was used to commit an offense for which seizure and impoundment applies. There is no provision for having this preliminary ruling reviewed by a court and this cause of action challenges the City's subject matter jurisdiction to have its hearing officer determine fourth amendment rights and protections.

8.     If the hearing officer finds probable cause the Ordinance provides for a plenary hearing to determine, based upon a preponderance of evidence, whether or not the vehicle was, in fact, used in the commission of one or more of the designated *use related offenses* permitting impoundment and imposition of the substantial penalty. The Ordinance authorizes the hearing officer to enter default judgments.

9.     The Ordinance provides that a written report by the a law officer shall be admissible as evidence to support a finding of the vehicle owners's liability unless rebutted by clear and convincing evidence by the owner, thereby shifting the burden of proof to the defendant based upon hearsay.

10.     In this specific case, the Spinks' vehicle was seized and impounded on the basis of a violation of *§7-24-225 of the Chicago Municipal Code* ("Code"), being a "use related offense", of unlawful drugs in motor vehicle–impoundment by the operator of the vehicle, against co-plaintiff, Dawain Bell.

11.     In addition to the assessment of an impoundment fine of $2,000.00 to $3,000.00 the code authorizing towing charges depending vehicle's weight from $150.00 to $250.00 per day payable to the City and storage fees from $20.00 per day to $100.00 per day. [Code § 9-92-080]

3

Plaintiffs are informed and believe, based upon information provided by the City, that numerous impounded vehicles have been sold or otherwise deposed of, ostensibly for the failure to pay the penalty and/or towing and storage fees within ten day days after the administrative Order becomes final as provide for by code *§ 2-14-101* as property seized and unclaimed, which plaintiffs also challenge, provides that *"any property not so reclaimed maybe disposed of by the city department or agency maintaining custody of the property as provided by law."* The Ordinance does not state the law applicable.

12.    Property deemed as "unclaimed" includes vehicles owned by persons that did not or could not pay the administrative penalty.

13.    Impoundment Code section 2-14-132 (3) states that the administrative penalty, plus towing and storage charges constitutes a debt due and owing the City and that the debt maybe enforced pursuant to Section 2-14-103, which unlawfully renders the so called debtor liable for *any expenses* incurred by the city to enforce the administrative law officer's order, including but not limited to, attorney's fees and court costs.

14.    The Ordinance is used as a forfeiture device, in the event, the penalty and all charges are not paid within a prescribed period of time.

15.    Fourth Amendment protections are triggered in impoundment cases. The subject code section endorses warrant-less arrests or seizure of the person and searches of property in all cases. The challenged code section acts as a general warrant despised by the Fourth Amendment protections, which require that the police must, whenever practical, obtain advance judicial approval of searches and seizures through the warrant procedure.[1]

---

[1] U.S. v. U.S Dist. Court 407 U.S 297,321

4

16.    The Fourth Amendment is designed to protect against arbitrary arrest, as well as against unreasonable searches by use of the warrant procedure based upon probable cause issued by a detached neutral magistrate, not the city's administrative law judge retained by the City. [2]

17.    The most basic Fourth Amendment constitutional rule is that searches conducted outside the judicable process are *per se* unreasonable — subject to few delineated exceptions. In contrast, this code section permits all seizures and searches to be conducted outside the judicial process in violation of Fourth Amendment protections.

18.    The probable cause determination is the sole domain of a detached neutral magistrate, not the city's hearing officer.

19.    The plenary hearing to determine if a an offense has been committed is determined by the hearing officer when the defendant and other Class members are clearly entitled to have a jury trial available in circuit court as provided for by statute, specified supreme court rules and the Illinois Constitution.

## IV.  CODE SECTION INVOLVED

20.    The Municipal Code of Chicago states as follows:

**2-14-101        Seized / unclaimed property.**

After an administrative law officer has issued a final determination of liability or no liability, any property seized by the city in relation to the subject matter of the final determination of liability or no liability that is not forfeited by operation of law may be reclaimed by the lawful owner provided that all penalties and fees have been paid. The procedures for the reclamation shall be within the discretion of the department head of the city department or agency charged with maintaining custody of the property. After the expiration of time during which judicial review of the final determination of liability may be sought or 35 days after the final determination of no liability, unless stayed by a court of competent jurisdiction, any property not so

---

[2] Griodenello v. U.S. 357 U.S 480, 4856-486 (1958); U.S. v. Watson 423 U.S. 411, 416-418

reclaimed may be disposed of by the city department or agency charged with maintaining custody of the property as provided by law. (Added Coun. J. 4-29-98, p. 66564)

**2-14-132     Impoundment.**

(1)     Whenever the owner of a vehicle seized and impounded pursuant to Sections 3-46-076, 3-56-155, 4-68-195, 9-80-220, 9-112-640 or 9-114-420 of this Code (for purposes of this section, the "status-related offense sections"), or Sections 7-24-225, 7-24-226, 7-28-390, 7-28-440, 7-38-115(c-5), 8-4-130, 8-8-060, 8-20-070, 9-12-090, 9-32-040, 9-76-145, 9-80-225, 9-80-240, 9-92-035, 10-8-480©, 11-4-1410, 11-4-1500 or 15-20-270 of this Code (for purposes of this section, the "use-related offense sections") requests a preliminary hearing in person and in writing at the department of administrative hearings, within 15 days after the vehicle is seized and impounded, an administrative law officer of the department of administrative hearings shall conduct such preliminary hearing within 48 hours of request, excluding Saturdays, Sundays and legal holidays, unless the vehicle was seized and impounded pursuant to Section 7-24-225 and the department of police determines that it must retain custody of the vehicle under the applicable state or federal forfeiture law. If, after the hearing, the administrative law officer determines that there is probable cause to believe that the vehicle was used in a violation of this Code for which seizure and impoundment applies, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle is eligible for impoundment under that section, the administrative law officer shall order the continued impoundment of the vehicle as provided in this section unless the owner of the vehicle pays to the city the amount of the administrative penalty prescribed for the code violation plus fees for towing and storing the vehicle. If the vehicle is also subject to immobilization for unpaid parking and/or compliance violations, the owner of the vehicle must also pay the amounts due for all such outstanding violations prior to the release of the vehicle. If the administrative law officer determines there is no such probable cause, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle has previously been determined not to be eligible for impoundment under that section, the vehicle will be returned without penalty or other fees.

(2)     Within ten days after a vehicle is seized and impounded the department of streets and sanitation or other appropriate department shall notify by certified mail the owner of record (other than a lessee who does not hold title to the vehicle), the person who was found to be in control of the vehicle at the time of the alleged violation, and any lienholder of record, of the owner's right to request a hearing before the department of administrative hearings to challenge whether a violation of this Code for which seizure and impoundment applies has occurred or, if the impoundment is pursuant to Section 9-92-035, whether the subject vehicle is eligible for impoundment under that section. In the case where an owner of record is a lessee who does not hold title to the vehicle, the notice shall be mailed to such

lessee within ten days after the department of streets and sanitation receives a photocopy or other satisfactory evidence of the vehicle lease or rental agreement, indicating the name, address, and driver's license number of the lessee pursuant to subsection (9). However, no such notice need be sent to the owner of record if the owner is personally served with the notice within ten days after the vehicle is seized and impounded, and the owner acknowledges receipt of the notice in writing. A copy of the notice shall be forwarded to the department of administrative hearings. The notice shall state the penalties that may be imposed if no hearing is requested, including that a vehicle not released by payment of the penalty and fees and remaining in the city pound may be sold or disposed of by the city in accordance with applicable law. The owner of record seeking a hearing must file a written request for a hearing with the department of administrative hearings no later than 15 days after notice was mailed or otherwise given under this subsection. The hearing date must be no more than 30 days after a request for a hearing has been filed. If, after the hearing, the administrative law officer determines by a preponderance of the evidence that the vehicle was used in the violation, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle was properly impounded under that section, the administrative law officer shall enter an order finding the owner of record liable to the city for the amount of the administrative penalty prescribed for the violation, plus towing and storage fees. If, after a hearing, the administrative law officer does not determine by a preponderance of the evidence that the vehicle was used in such a violation, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle was not eligible for impoundment under that section, the administrative law officer shall enter an order finding for the owner and for the return of the vehicle or previously paid penalty and fees; provided that if the vehicle was seized and impounded pursuant to Section 7-24-225, the vehicle shall not be returned unless and until the city receives notice from the appropriate state, or where applicable, federal officials that (I) forfeiture proceedings will not be instituted; or (ii) forfeiture proceedings have concluded and there is a settlement or a court order providing that the vehicle shall be returned to the owner of record. If the owner of record requests a hearing but fails to appear at the hearing or fails to request a hearing in a timely manner, the owner of record shall be deemed to have waived his or her right to a hearing and an administrative law officer of the department of administrative hearings shall enter a default order in favor of the city in the amount of the administrative penalty prescribed for the violation, plus towing and storage fees. However, if the owner: (I) redeemed the vehicle by payment of the appropriate penalty and fees, and (ii) was notified of the owner's right to request a hearing, and (iii) failed to timely request a hearing, then the payment shall be deemed an acknowledgment of liability and no adjudication shall be required. For the purposes of this section and those sections of this Code referenced in subsection (1) of this section, the terms "seizure and impoundment" and "seized and impounded" shall be deemed to also refer to a vehicle that a police officer or other authorized city agent or employee determines is subject to impoundment because there is probable cause

7

to believe it was used in violation of one or more of those sections of the code listed in subsection (1) of this section, regardless of whether the vehicle is actually towed to and held at a city facility.

(3)     An administrative penalty, plus towing and storage fees, imposed pursuant to this section shall constitute a debt due and owing to the city which may be enforced pursuant to Section 2-14-103 or in any other manner provided by law. Any amounts paid pursuant to this section shall be applied to the penalty. Except as provided otherwise in this section, a vehicle shall continue to be impounded until (1) the administrative penalty, plus any applicable towing and storage fees, plus all amounts due for outstanding final determinations of parking and/or compliance violations (if the vehicle is also subject to immobilization for unpaid final determinations of parking and/or compliance violations), is paid to the city, in which case possession of the vehicle shall be given to the person who is legally entitled to possess the vehicle; or (2) the vehicle is sold or otherwise disposed of to satisfy a judgment or enforce a lien as provided by law. Notwithstanding any other provision of this section, whenever a person with a lien of record against a vehicle impounded under this section has commenced foreclosure proceedings, possession of the vehicle shall be given to that person if he or she pays the applicable towing and storage fees and agrees in writing to refund to the city the net proceeds of any foreclosure sale, less any amounts necessary to pay all lien holders of record, up to the total amount of penalties imposed under this section. Notwithstanding any other provision of this section, no vehicle that was seized and impounded pursuant to Section 7-24-225 shall be returned to the record owner unless and until the city has received notice from the appropriate state, or where applicable, federal officials that (I) forfeiture proceedings will not be instituted; or (ii) forfeiture proceedings have concluded and there is a settlement or a court order providing that the vehicle shall be returned to the owner of record.

(4)     Any motor vehicle that is not reclaimed within ten days after the expiration of the time during which the owner of record may seek judicial review of the city's action under this section, or, if judicial review is sought, the time at which a final judgment is rendered in favor of the city, or the time a final administrative decision is rendered against any owner of record who is in default may be disposed of as an unclaimed vehicle as provided by law; provided that, if the vehicle was seized and impounded pursuant to Section 7-24-225 and proceedings have been instituted under state or federal drug asset forfeiture laws, the vehicle may not be disposed of by the city except as consistent with those proceedings.

(5)     As used in this section, the "owner of record" of a vehicle means the record title holder and includes, for purposes of enforcing Section 3-46-076, the "license holder of a ground transportation vehicle" as that term is defined in Chapter 3-46. For purposes of this section and the sections of the Municipal Code of Chicago enumerated in subsection (1) of this section, "owner of record" also includes the lessee of the vehicle.

(6)     Fees for towing and storage of a vehicle under this section shall be the

8

same as those charged pursuant to Chapter 9-92 of this Code.

(7)　In a hearing on the propriety of impoundment under Section 7-24-226, any sworn or affirmed report, including a report prepared in compliance with Section 11-501.1 of the Illinois Vehicle Code, that (a) is prepared in the performance of a law enforcement officer's duties and (b) sufficiently describes the circumstances leading to the impoundment, shall be admissible evidence of the vehicle owner's liability under Section 7-24-226 of this Code, and shall support a finding of the vehicle owner's liability under Section 7-24-226, unless rebutted by clear and convincing evidence.

(8)　For purposes of the section, a vehicle is not considered to have been used in a violation that would render the vehicle eligible for towing if: (1) the vehicle used in the violation was stolen at the time and the theft was reported to the appropriate police authorities within 24 hours after the theft was discovered or reasonably should have been discovered; (2) the vehicle was operating as a common carrier and the violation occurred without the knowledge of the person in control of the vehicle; or (3) the alleged owner provides adequate proof that the vehicle had been sold to another person prior to the violation.

(9)　(A)　Notwithstanding any provision of this section to the contrary, a lessor (except where the lessee holds title to the vehicle) asserting his or her right to possession of a vehicle impounded pursuant to one or more of the use-related offense sections set forth in paragraph (1) may obtain immediate release of such vehicle by paying the applicable towing and storage fees provided in subsection (6) of this section and submitting a photocopy or other satisfactory evidence of the vehicle lease or rental agreement, indicating the lessee's name, address and driver's license number.  The requirements of subsection (3) of this section regarding the payment of parking and/or compliance violations shall apply to such a lessor only to the extent of such outstanding final determinations of parking and/or compliance violations for which the lessor is legally liable with respect to such impounded vehicle. The city shall refund the towing and storage fees to such lessor if the city recovers such fees from the lessee, or if the towing is ultimately determined to be improper or erroneous, or if the lessee is otherwise determined not to be liable for such fees.

(B)　No person who is the lessor of a vehicle pursuant to a written vehicle lease or rental agreement shall be liable for administrative penalties and fines set forth in one or more of the use-related offense sections set forth in paragraph (1) involving such vehicle during the period of the lease or rental agreement, if the lessor provides to the department of streets and sanitation or police, either prior to or within 30 days of the receipt of a notice of impoundment, a photocopy or other evidence of the vehicle lease or rental agreement, indicating the name, address, and driver's license number of the lessee. If such penalty, fine or fee has already been imposed on the lessor, it shall be abated by the city upon receipt of such photocopy or other evidence within the time frame provided herein.

(10)　When an authorized employee or agent of the City of Chicago has

9

probable cause to believe that a vehicle is subject to seizure and impoundment pursuant to any one or more of the code sections set forth in subsection (1) of this section, he shall affix a notice to the vehicle in a conspicuous place. Such notice shall warn that the vehicle is subject to seizure for purposes of impoundment. The notice shall also provide a warning that removal or relocation of the vehicle by any person other than the City of Chicago or its authorized agents is unlawful.

It shall be unlawful for anyone other than an authorized agent of the city to remove or relocate any vehicle that has been determined to be subject to impoundment and which bears a warning notice that the vehicle is subject to seizure for purposes of impoundment. The owner of record of such vehicle, and any person who removes or relocates such vehicle in violation of this subsection, shall be subject to a penalty of no less than $1,000.00 and no more that $2,000.00 for such violation. This offense shall be a strict liability offense as to the vehicle's owner of record. Anyone who removes a vehicle sticker affixed to a vehicle pursuant to this section before such vehicle is relocated to a city facility shall be subject to a fine of no less that $500.00 and no more than $1,000.00.

(11)   Notwithstanding any other provision of this section, no impounded vehicle shall be released and operated on the public ways of the city without a current state registration plate registered to the impounded vehicle and unless the vehicle is covered by a liability insurance policy.  In addition, if an impounded vehicle is required to be licensed under Chapter 3-56 of this Code, no such vehicle shall be released without a valid City of Chicago wheel tax license emblem.  The owner of an impounded rental or commercial motor vehicle may meet the wheel tax license emblem requirement of this subsection by presenting proof of ownership of the impounded rental or commercial motor vehicle and a receipt issued by the office of the city clerk showing that the owner has purchased wheel tax license emblems for the owner's rental or commercial motor vehicles in accordance with Chapter 3-56 of this Code.

(Added Coun. J. 4-29-98, p. 66564; Amend Coun. J. 7-21-99, p. 9095; Amend Coun. J. 12-15-99, p. 21529, § 1; Amend Coun. J. 3-15-00, p. 27700, § 2; Amend Coun. J. 6-6-01, p. 60138, § 1; Amend Coun. J. 12-12-01, p. 76443, § 2; Amend Coun. J. 7-31-02, p. 90675, § 1; Amend Coun. J. 12-4-02, p. 99026, § 5.1; Amend Coun. J. 5-7-03, p. 564, § 1; Amend Coun. J. 9-4-03, p. 7167, § 1; Amend Coun. J. 11-3-04, p. 34974, § 1; Amend Coun. J. 10-6-05, p. 56698, § 1; Amend Coun. J. 12-7-05, p. 64870, § 1.8; Amend Coun. J. 7-26-06, p. 81473, § 5; Amend Coun. J. 7-26-06, p. 81824, § 1; Amend Coun. J. 11-13-07, p. 14999, Art. I, § 7; Amend Coun. J. 12-12-07, p. 17518, § 2; Amend Coun. J. 11-18-09, p. 77163, § 1; Amend Coun. J. 7-2-10, p. 96234, § 1; Amend Coun. J. 11-17-10, p. 106597, Art. III, § 1; Amend Coun. J. 7-28-11, p. 5048, § 2; Amend Coun. J. 12-14-11, p. 17753, § 1; Amend Coun. J. 1-18-12, p. 19118, § 3; Amend Coun. J. 9-11-13, p. 58821, § 2; Amend Coun. J. 10-16-13, p. 61861, § 2)

**2-14-135      Impoundment – Towing and storage fee hearing.**

The owner or other person entitled to possession of a vehicle seized and impounded pursuant to Section 9-92-030 of this Code may request a hearing before the department of administrative hearings. Such a hearing request must be made in person and in writing at the department of administrative hearings within 30 days after the vehicle is seized and impounded. If at the time of the request for a hearing the owner or other person entitled to possession of the vehicle has not obtained the release of the vehicle, an administrative law officer of the department of administrative hearings shall conduct such hearing within 48 hours of the request, excluding Saturdays, Sundays and legal holidays. However, if at the time of the request for a hearing the owner or other person entitled to possession of the vehicle has obtained the release of the vehicle, an administrative law officer of the department of administrative hearings shall conduct such hearing within 30 days of such request. The hearing referred to in this section shall be to determine whether the vehicle is subject to towing or removal under Section 9-92-030 of this Code, and the validity of any towing or storage fees imposed. If, after the hearing, the administrative law officer determines that the vehicle was subject to towing or removal under Section 9-92-030 of this Code, the administrative law officer shall enter an order finding the owner or other person entitled to possession of the vehicle liable to the city for the towing and storage fees. If, after a hearing, the administrative law officer determines that the vehicle was not subject to towing or removal under Section 9-92-030 of this Code, the administrative law officer shall enter an order finding for the owner or other person entitled to possession of the vehicle and for the return of the vehicle if it was not previously released, and a refund of the previously paid towing and storage fees; provided, however, the vehicle shall not be released if such vehicle is held pursuant to applicable state, federal or any other law, or a court order or warrant that authorizes the continued impoundment of the vehicle.

(Added Coun. J. 11-18-09, p. 76558, § 1)

## V. FACTS AS TO NAMED PLAINTIFFS

21.  Alice Spinks and Dawain Bell

a.      At all relevant times, Plaintiff, Dawain Bell ("Bell"), resided and still resides in the City of Chicago, County of Cook, State of Illinois.

b.      On or about December 3, 2010, Bell was arrested by a police officer(s) employed by the City of Chicago for the alleged offense of the possession of drugs in a motor

vehicle in violation of *section 7-24-225* of the Code.

        c.      In the course of that arrest, Defendant by and through its police officer(s) impounded the vehicle owned by Plaintiff, Alice Spinks, a 2000 Dodge van license plate # K91 0080 based upon the Ordinance challenged by this action. Spinks was forced to pay the sum of $2,000.00 plus pay towing or storage charges incurred as a result of the impoundment of her vehicle to regain possession of her vehicle. (See *Exhibit A* attached hereto and incorporated herein by reference.)

        d.      Defendant lacked subject matter jurisdiction to adjudicate any violations, rights, obligations or duties under the Ordinance as expressed and implied by state statutes, the Illinois Vehicle Code, as well as the enumerated sections of the Federal and Illinois Constitutions.

## VI. CLASS ACTION ALLEGATIONS

22.     This action is brought by Plaintiffs individually and on behalf of the member of a putative Class of persons similarly situated, defined below, pursuant to *Section 801 et seq,* of the Illinois Code of Civil Procedure, *735 ILCS 5/2-801 et seq.*

### A. Class Definition

23.     The Class of persons (the "Class") on whose behalf this action is brought is defined as follows: The owners and operators of vehicles, who were arrested or whose vehicles were seized and impounded pursuant to alleged violations of the *City of Chicago Ordinance § 2-14-132* for 'use related offenses' since the effective date of *§ 2-14-132* and paid a monetary administrative penalty, or towing, or storage costs.

     The Class also includes those vehicle owners whose vehicles were not released because of non-payment and were disposed of by defendant or its agents.

     Excluded from the Plaintiff Class is the City of Chicago and any entity in which it has a

### (C) Common Questions of Law and Fact

27.    There are questions of law and fact that are common to all Class members, including

inter alia:

a.    Whether the subject Ordinance violated Fourth Amendment guaranteed protections regarding the seizure of persons (arrest) as well as the seizure of property;

b.    Whether the City's hearing officer had subject matter jurisdiction to determine probable cause or whether that determination is within the sole domain of a detached neutral magistrate sitting in circuit court;

c.    Whether the owners/operators of the vehicles were entitled by statute, Supreme Court rules or by the Illinois Constitution to have a jury trial available to them in circuit court;

d.    Whether the Ordinance violates the judicial powers clause of the Illinois Constitution;

e.    Whether the Ordinance violates the justiciable issue clause of the Illinois Constitution;

f.    Whether the Ordinance is unreasonable, arbitrary and capricious as a matter of law;

g.    Whether the City of Chicago was unjustly enriched, and, if so, by what amount;

h.    Whether the Ordinance was *void ab initio*; and

I.    Whether Plaintiff and the Class members are entitled to restitution and, if so, the proper measure of such restitution or in the instances where class members' vehicles were

disposed by this defendant then the proper measure of restitution for permanent loss of their vehicles.

28.     These common questions of law or fact predominate over any questions or issues affecting individual Class members.

### (d) Appropriateness

29.     A Class action is an appropriate method for the fair and efficient adjudication of this controversy, given that:

a.     Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a Class-wide, instead of a repetitive individual, basis;

b.     The size of each Class member's relatively small claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter, there is no "alternative" means of adjudication to a Class action;

c.     Few Class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

d.     Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class members;

e.     Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this Class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

f.     No unusual difficulties are likely to be encountered in the management of this Class action insofar as Chicago's liability turns on substantial questions of law or fact that are

15

common to the Class and that predominate over any individual questions.

30.     The amount in controversy would be too small in many cases to justify the expense of pursuing individual litigation.

31.     In contrast, on a Class wide basis, Chicago has extracted hundreds of thousands of dollars, by charging vehicle owners an invalid and/or unconstitutional impoundment penalty. Many Class members were forced to pay exorbitant towing and storage fees to this defendant, to whom they had no legal obligation to pay, but were compelled to do so in order to regain their impounded vehicle from defendant.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT REQUIRED WHERE JURISDICTION OR POWER TO ADJUDICATE IS DISPUTED

32.     Plaintiff and other Class members were not required to exhaust any administrative remedies prior to filing this Complaint challenging the validity of the Ordinance where plaintiffs and other Class members dispute the City's legal authority and jurisdiction to pass, enforce and adjudicate rights and liabilities relative to the use related offenses that form the basis of the impoundment of plaintiffs and other class members vehicles.

## VIII.  CAUSES OF ACTION

### Count I
**The Ordinance's Arrest and Vehicle Seizure Provisions Are Repugnant to Fourth Amendment of the U.S. Constitution and Article I § 13 of the Illinois Constitution**

1-32  Plaintiffs repeat and re-allege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

33.     **The Fourth Amendment to the United States Constitution**

**Searches and seizures**

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath of affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**The Illinois Constitution Art. I § 6** states:

**§ 6. Searches, Seizures, Privacy and Interceptions**
The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized.

34.     A person is arrested when his freedom of movement is restrained by physical force or a show of authority.[3] A warrant-less arrest requires probable cause.[4]

35.     The Fourth Amendment applies to states — that is, to any agent of the state, county or municipal government — through the due process clause of the Fourteenth Amendment.[5]

36.     A vehicle is an effect as that term is used in the Fourth Amendment.[6]

37.     A seizure occurs when there is an infringement in a meaningful way a person's possessory interest in his property by forcible dispossession.

---

[3] *People v. Washington, 363 Ill.App.3d 13, 23 (2006)*, citing *People v. Barlow, 273 Ill.App.3d 943 (1995)*, *People v. Vasquez, 388 Ill. App. 3d 532, 549 (2009)*

[4] *People v. Love, 199 Ill.2d 269, 278, 263 Ill.Dec. 808, 769 N.E.2d 10 (2002), People v. Marcella, 2013 IL App (2d) 120585.*

[5] *Map v. Ohio 367 U.S.643,655*

[6] It is beyond dispute that a vehicle is an "*effect"* as that term is used in the Amendment. *United States v. Chadwick*, 433 U.S. 1, 12, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). [We hold that the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a "*search."* *United States v. Jones*, 132 S. Ct. 945, 949, 181 L. Ed. 2d 911 (2012)]

38.     Both arrests and vehicle impoundments are entitled to Fourth Amendment protection.

39.     Probable cause delineates the parameters of the Fourth Amendment and the justification for the arrest and seizure of property and the hearing officer employed by the City lacks the right and the power to make such determinations.

40.     The Ordinance provides that if a police officer believes there is probable cause that a use related offense has occurred, the officer may have the vehicle towed and impounded, and if at the preliminary hearing, the hearing officer determines there was *probable cause* to believe that the vehicle was used in the commission of a use related offense, the hearing officer shall order the continued impoundment of the vehicle, unless the owner pays or posts bond in the amount of $2,000.00 to $3,000.00 plus significant towing and storage fees. If the hearing officer determines there is no probable cause the motor vehicle is to be returned to the owner without penalty.

41.     The Impoundment Ordinance violates the Fourth Amendment of the U.S. Constitution and *Art. 1 § 6* of the Illinois Constitution in two major respects. It violates the warrant clause as well as the reasonableness clause of the Fourth Amendment and Illinois Constitution *Art. 1 §6.*

42.     The Ordinance entirely avoids the judicial process inherent in fourth amendment considerations. The City's hearing officer lacks subject matter jurisdiction to decide Fourth Amendment constitutional matters and such findings and orders are *void ab initio*.

43.     The Ordinance violates the warrant clause of the Fourth Amendment — which renders warrantless searches or seizures to be unreasonable *per se,* subject to only to a few specifically established and well-delineated exceptions — notwithstanding this principle, the Impoundment Ordinance permits warrantless arrests, searches and seizures in *all* impoundments. This practice is contrary to the Supreme Court mandate that the Fourth Amendment requires

18

adherence to judicial process with limited exceptions.[7] This is due in part because the hearing officer has no power to issue arrest or search warrants a solemn duty reserved by statute to judges sitting in circuit court.

44.     The Impoundment Code section permits <u>all</u> arrests, searches and seizures to be conducted outside the judicial process and without arrest or search warrants issued by the court.

45.     Arrests, searches and seizures conducted outside the judicial process without prior approval by warrant issued by a detached neutral magistrate are considered *unreasonable per se* and places the burden of proof upon the government to show reasonableness and probable cause in a court of law. If the search or seizures are unreasonable, persons charged have a right to invoke the exclusionary rule, which the hearing officer has no jurisdiction to assess or apply in any event.

46.     The City of Chicago's Ordinance violates Fourth Amendment individual constitutional rights by unlawfully vesting the City's hearing officer with judicial power to determine probable cause for warrantless arrest and seizure of the property (vehicle) that are by law within the sole domain of a detached neutral magistrate. Such a determination constitutes a judicial function, which is solely reserved to a detached neutral magistrate.

47.     A person arrested is entitled by the Federal and State constitutions to be brought before a *neutral magistrate* within 24 hours of his arrest or seizure of his vehicle.

48.     The United States and Illinois Constitutions protect individuals from unreasonable searches and seizures. An arrest without probable cause or a warrant issued by a magistrate based thereon violates these constitutional provisions.[8] *U.S. Const., Amend. IV; Ill. Const. 1970, Art. 1 §*

---

[7] U.S v. Jeffers 342 U.S 48,51.

[8] <u>People v. Lee</u>, 214 Ill. 2d 476, 484, 828 N.E.2d 237, 244 (2005)

19

*6*

49.    The City's hearing officer does not have the power or right to determine whether or not constitutional probable cause existed to arrest the vehicle operator or to seize the vehicle because the power and jurisdiction to render such a determination is exclusively vested within the province of a detached neutral magistrate.[9]

50.    The Ordinance is *void ab initio* being facially unconstitutional as well as contrary to statute and the City's hearing officer lacks subject matter jurisdiction to decide Fourth Amendment protections.

51.    Plaintiffs, Alice Spinks and Dwain Bell, on behalf of themselves, and others similarly situated, ask this court to declare that the conduct of the City as outlined in the preceding paragraphs of this Complaint constitute a basis to recover monies from fines, penalties and expenses paid by Class members, as well as the fair market value of all Class members vehicles sold and improperly taken by the City.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, prays for an Order of this Honorable Court, as follows:

A.    Declaring and finding the Impoundment Ordinance to be invalid and contrary to federal and state constitutions, as well as state law and policy for the reasons mentioned above, and to Order the monies paid to be refunded with interest and such other relief deemed to be just;

B.    Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.    Designating Plaintiffs as representatives of the Class and their counsel as Class

---

[9] *County of Riverside v. McLaughlin 500 U.S. 44, 53*

counsel;

    D.      Entering judgment in favor of Plaintiffs and the Class and against Defendant;

    E.      Awarding Plaintiffs and Class members their individual damages and allowable costs,

including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery,

exclusive of interest and costs, in excess of $75,000.00; and

    F.      For such other and further relief the court deems just.

## <u>Count II</u>
**The Ordinance Violates the Statutory Right to Jury Trial Pursuant to the Provisions of the Code of Criminal Procedure**

| **Criminal code grants right to jury trial** |
| --- |
| 103-6. Waiver of jury trial. Every person accused of an offense shall have the right to a trial by jury unless (I) understandingly waived by defendant in open court or (ii) the jury fee required to be paid to the offense is an *Ordinance violation punishable by fine only and* the defendant either fails to file a demand for a trial by jury at the time of entering his or her plea of not guilty or fails to pay to the clerk of the circuit court at the time of entering his or her plea of not guilty any jury fee required to be paid to the clerk. *725 ILCS § 5/103-6* |

1-51.    Plaintiffs repeat and re-allege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

52.    Defendant's Impoundment Ordinance provides a hearing before a City hearing officer, appointed by the City, and paid by the City, on penal Ordinance violations and if the person is found in default or guilty by a preponderance of evidence imposes a substantial monetary penalty and/or loss of use of his motor vehicle, along with open ended non-refundable towing and storage costs.

53.    The right to a jury trial is to be liberally construed.

54.    Persons charged with violating the Ordinance, many of whom are owners of the

21

vehicles, as well as those owners not personally arrested, lost their vehicle, were fined, incurred

towing and storage charges or permanently dispossessed their vehicles altogether, through forfeiture

as an abandoned or unclaimed vehicle, were all entitled to a trial by jury in circuit court pursuant

to § *5/103-6* of the Illinois Code of Criminal Procedure.

55.     As set forth above Section *5/103-6* of the Code of Criminal Procedure **entitled**

**Waiver of jury trial,** provides:

> 103-6. Waiver of jury trial. Every person accused of an offense shall have the right
> to a trial by jury unless (I) understandingly waived by defendant in open court or (ii)
> the jury fee required to be paid to the offense is an *Ordinance violation punishable*
> *by fine only* and the defendant either fails to file a demand for a trial by jury at the
> time of entering his or her plea of not guilty or fails to pay to the clerk of the circuit
> court at the time of entering his or her plea of not guilty any jury fee required to be
> paid to the clerk. *725 ILCS § 5/103-6*

56.     The Ordinance imposes a monetary penalty payable to the City, plus unlimited and

unregulated towing and storage fees payable to the City's sanitation department, based upon the

alleged use of a vehicle to commit any one or more of 18 enumerated offenses and authorizes seizure

and impoundment of the vehicle until the penalties and fees are paid.

57.     The *Illinois Code of Criminal Procedure 725 ILCS 5/103-6* provided at all relevant

times, and still so provides, that every person accused of an offense, including those Ordinance

violations punishable by fine only, shall have a right to a jury trial.

58.     The "use related offenses", which pursuant to the Impoundment code section justify

the imposition of a monetary penalty have traditionally been the type that a jury trial is afforded such

as : 7-24-225 Unlawful Drugs in Motor Vehicle; 7-24-226 Driving While Intoxicated; and so forth.

59.     The right to a jury trial includes 'petty offenses' as defined by state statute are

Ordinance violations punishable by fine.[10]  Any unclassified offense which does not provide for a

sentence of imprisonment is a petty offense or a business offense.

60.    In this matter Plaintiffs and other putative Class members were charged with

violation of the Ordinance had a right to have a jury trial available to them in circuit court. Violation

of the Chicago Impoundment Code section relative to use related offenses constitute petty offenses

defined as any offense for which a sentence of imprisonment is not an authorized disposition. [*Petty*

*Offenses 730 ILCS 5/5-1-7.*]

61.    Defendant's Ordinance was in conflict and repugnant to state statute concerning a

jury trial right and was *void ab initio* because the City lacked subject matter jurisdiction.

62.    Plaintiffs, Alice Spinks and Dwain Bell, on behalf of themselves, and others similarly

situated, ask this court to declare that the conduct of the City as outlined in the preceding paragraphs

of this Complaint constitute a basis to recover monies from fines, penalties and expenses as well as

the fair market value of all Class members vehicles sold and improperly taken by the City of

Chicago.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein,

prays for an Order of this Honorable Court, as follows:

A.    Finding the Impoundment Ordinance to be invalid and contrary to  state law and

policy and *void ab intio* for the reasons mentioned above, and to Order the monies paid to be

refunded with interest or in the case of the disposal of vehicles the sale price or fair market value and

such other relief deemed to be just;

---

[10] See People v. Beil (1979) 76 Ill. App. 3d 924,927. right to a jury trial conferred by above statute for a
first offense speeding charge labeled a petty offense.  Also: People v. Manion (1972) 3 Ill. App. 3d 621. (Speeding)

23

B.     Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.     Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

D.     Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.     Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.     For such other and further relief the court deems just.

## Count III
### Statutory Right to Jury Trial Exists for Violations of this Impoundment Ordinance Pursuant to the Illinois Code of Civil Procedure

| Civil statute granting right to jury trial |
| --- |
| § 2-1105. Jury demand. (a) A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer. |

1-62.     Plaintiffs repeat and re-allege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

63.     Defendant's Impoundment Ordinance provides for a hearing before a City hearing officer, appointed by the City, and paid by the City, on penal Ordinance violations and if the person is found in default or guilty by a preponderance of evidence imposes a substantial monetary penalty and/or loss of use of his motor vehicle, along with open ended high dollar non-refundable towing and storage costs.

24

64.     Persons charged with violating the Ordinance, many of whom are owners of the vehicles, as well as those owners not personally arrested, lost their vehicle, were fined, incurred towing and storage charges or were permanently dispossessed of their vehicles , through forfeiture as an abandoned or unclaimed vehicle, were all entitled to a trial by jury in circuit court pursuant to state statute cited above.

65.     The Ordinance imposes a monetary penalty payable to the City, plus unlimited and unregulated towing and storage fees payable to its sanitation department, based upon the alleged use of a vehicle to commit any one or more of 18 enumerated offenses and authorizes seizure and impoundment of the vehicle until the penalty and fees are paid in full.

66.     The *Illinois Code of Civil Procedure 735 ILCS 5/2-1105,* entitled "Jury Demand" provided at all relevant times, and still so provides, a right to a jury trial in cases of this type.

67.     *Section 5/2-1105* of the Code of Civil Procedure entitled "Jury Demand" is set forth immediately below:

> § 2-1105. Jury demand. (a) A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer.

68.     In this matter, Plaintiffs and other putative Class members were charged with violation of the Ordinance punishable by fine had a right to have a jury trial available to them in circuit court according to case law.[11]

69.     Defendant's Ordinance was in direct conflict and repugnant to state statute concerning jury trial right and was *void ab initio.*

---

[11] See City of Danville v. Hartshorn 53 ILL. 2d 399 Ordinance violation triable by jury under Civil Prac. Act

25

70.     Plaintiffs, Alice Spinks and Dwain Bell, on behalf of themselves, and others similarly situated, asks this court to declare that the conduct of the City as outlined in the preceding paragraphs of this Complaint constitute a basis to recover monies from fines, penalties and expenses, as well as the fair market value of all vehicles sold and improperly taken by the City of Chicago from the initial effective date of the Ordinance.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, prays for an Order of this Honorable Court, as follows:

A.     Finding the Impoundment Ordinance to be invalid and contrary to state law and policy and *void ab initio* for the reasons mentioned above, and to order the monies paid to be refunded with interest and such other relief deemed to be just;

B.     Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.     Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

D.     Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.     Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.     For such other and further relief the court deems just.

<u>**Count IV**</u>
**The Ordinance Deprives Defendants Right to Jury Trial Afforded**
**by Supreme Court Rules**

---

**Supreme Court Rule 501(e)**

Unit of Local Government. Any county, *municipality*, township, special district, or unit designated as a unit of local government by law." [*S. Ct. Rule 501 (e)*]

**S. Ct. Rule 501(f) defines traffic offense as:**

**(f) Traffic Offense.** *Any case which <u>charges</u> a violation of any statute, <u>Ordinance</u> or regulation relating to the operation or use of motor vehicles*, the use of streets and highways by pedestrians or the operation of any other wheeled or tracked vehicle, including cases charging violations under chapter 6 of the Illinois Vehicle Code, as amended (*S. Ct. Rule 501 (e)--100*).

---

1-70.    Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

71.    *Supreme Court Rules 501 through 569* pertain to trial court proceedings in traffic offenses, Ordinance offenses, petty offense and certain misdemeanors.

72.    It is presumed by the Supreme Court through its Rules that a person charged with a traffic offense is entitled to a jury trial. In specific, *S. Ct. Rule 505* entitled "Notice to Accused"[12] informs the accused that he or she may demand a trial by jury.

73.    The rules apply to charges by local units of government which are defined as follows:

"e) Unit of Local Government. Any county, *municipality*, township, special district, or unit

---

[12] If you intend to plead "*not guilty*" to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 10 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead "*not guilty*" or your intention to demand a jury trial may result in your having to return to court, if you plead "*not guilty*" on the date originally set for your court appearance. Ill. Sup. Ct. R. 505

designated as a unit of local government by law." [*S. Ct. Rule 501 (e)*].

74.    *S. Ct. Rules 501(f)* defines traffic offense as:

**(f) Traffic Offense.** *Any case which charges a violation of any statute, Ordinance or regulation relating to the operation or use of motor vehicles*, the use of streets and highways by pedestrians or the operation of any other wheeled or tracked vehicle, including cases charging violations under chapter 6 of the Illinois Vehicle Code, as amended (*625 ILCS 5/6--100.[13]*), [emphasis supplied]

75.    The City's Impoundment Ordinance falls within the Supreme Court rules defining 'traffic offenses'. Supreme court rules have the force of law and are not merely advisory.

76.    In this matter, Plaintiffs and other putative Class members were charged with violation of the Ordinance had a right to have a jury trial available to them in circuit court pursuant to applicable supreme court rules. [14]

77.    The Supreme Court has primary constitutional authority over court procedure, and the doctrine of separation of powers is violated when a legislative enactment unduly encroaches upon the inherent powers of the judiciary, or directly and irreconcilably conflicts with a rule of the Illinois Supreme Court on a matter within the court's authority.[15] Defendant's Ordinance was and is in conflict and repugnant to Supreme Court rules that implement the policy and law of this state concerning jury trial right and was *void ab initio*.

78.    Plaintiffs, Alice Spinks and Dwain Bell, on behalf of themselves, and others similarly situated, asks this court to declare that the conduct of the City as outlined in the preceding paragraphs

---

[13] Chapter 6; Issuance of Licenses, Expiration and renewal

[14] See City of Danville v. Hartshorn 53 ILL. 2d 399 Ordinance violation (fine only) triable by jury under Civil Prac. Act

[15] Adair Architects, Inc. v. Bruggeman, 346 Ill. App. 3d 523, 525, 805 N.E.2d 306, 307-08 (2004)

of this Complaint constitute a basis to recover monies from fines, penalties and expenses as well as the fair market value of all vehicles sold and improperly taken by the City of Chicago.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described herein, prays for an Order of this Honorable Court, as follows:

A.    Finding the Impoundment Ordinance to be invalid and contrary to Supreme Court rules and policy relative to trial by jury in circuit court and *void ab initio* for the reasons mentioned above, and to order the monies paid to be refunded with interest and such other relief deemed to be just;

B.    Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.    Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

D.    Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.    Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.    For such other and further relief the court deems just.

## Count V
### The Ordinance Deprives Defendants Their Right to Trial by Jury Under the Illinois Constitution

1-78.    Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

79.    The *Illinois Constitution Art. 1 §13* guarantees, *"the right to a trial by jury as*

29

*heretofore enjoyed shall remain inviolate. "* Article 1 establishes inherent inalienable rights.

80.     The Impoundment Ordinance provides for the hearing before an officer on criminal charges and, if found in default or guilty by a preponderance of evidence, imposes a substantial monetary penalty and/or loss of use of his motor vehicle.

81.     The Illinois Constitution guarantees a right to trial by jury of the category of offenses enumerated in the Impoundment Ordinance regarding the deprivation of personal property and the offenses listed in the Impoundment Ordinance.

82.     The strong policy of this state as expressed in *Article I, § 13 of the Illinois Constitution of 1970* is to favor jury trials, and the Illinois Supreme Court has ruled that the power of the legislature to regulate the right of jury trial should be liberally construed in favor of the right to a jury trial. [16]

83.     All persons charged with any one or more of the seven state offenses enumerated in the Ordinance, many of which are owners of the vehicles, as well as those owners not personally arrested and charged but faced with the loss of their vehicle, and the prospect of being fined and paying towing charges and storage charges or losing their vehicles as provided for in the Ordinance, are/were entitled to a trial by jury in a court of law as a constitutional right.

84.     The Ordinance, which imposes a penalty for the so called violation of any one of the seven offenses deprives the defendants of their constitutionally protected right to trial by jury, which renders the Ordinance invalid and *void ab initio*.

---

[16] Hudson v. Leverenz (1956), 10 Ill.2d 87, 139 N.E.2d 255; Stephens v. Kasten (1943), 383 Ill. 127, 48 N.E.2d 508. Hernandez v. Power Const. Co., 43 Ill. App. 3d 860, 863, 357 N.E.2d 606, 610 (1976) aff'd and remanded, 73 Ill. 2d 90, 382 N.E.2d 1201 (1978)

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, pray for an Order of this Honorable Court, as follows:

A.      Finding the Impoundment Ordinance is unconstitutional and *void ab initio* because it violates the accused right to a jury trial guaranteed by the Illinois Constitution and to Order the monies paid to be refunded and such other relief deemed to be just;

B.      Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.      Designating Plaintiffs as representative of the Class and their counsel as Class counsel;

D.      Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.      Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.      Granting such further relief as the Court deems just.

### Count VI
### Illinois Supreme Court Requires Jury Trial for Dispossession/Forfeiture of Property

1-84.      Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

85.      The right to trial by jury in impoundment cases is found by analogy to in rem statutory forfeitures, and also because this Impoundment Ordinance contains it own forfeiture provision and dispossess owners of their vehicles and are punished by fine.

86.      In *People v. O'Malley, 158 Ill. 2d 453,* the Supreme Court held that the Illinois Constitution's right to trial by jury section mandates the availability of trial by jury in civil in rem

forfeiture cases; the right to jury trial, in civil proceedings in rem for enforcement of statutory forfeitures existed prior to adoption of the Constitution.

87.     The similarity between forfeitures and impoundments is apparent. In both instances, property is seized, often without process, due to its alleged use in the commission of a predicate offense and the owner is punished by sale of the vehicle in forfeitures and in impoundment the imposition of a monetary penalty or if not timely paid the forfeiture of the vehicle.

88.     Forfeitures result in the permanent dispossession of property, while impoundments result in the temporary dispossession of property — if the fine and all associated costs are timely paid — otherwise, the property owner is permanently dispossessed of his property.[17]

89.     In the case of forfeitures, the monetary penalty is the value of the property which varies. In impoundments cases, the monetary penalty is the amount of the fine, plus costs, provided they are timely paid. In both cases, the culpability of the owner of the property is often irrelevant.

90.     Many forfeiture cases (and all impoundments under the City's ordinance) are considered ... [a] harsh and oppressive procedures depriving innocent owners of their property because it was used by other persons for unlawful purposes; and the courts have strained to avoid unjust results. [18]

91.     The Supreme Court in *O'Malley* stated, "there is a vast difference in the forfeiture of contraband per se and the forfeiture, [often] by an innocent third party of legal property," such as a vehicle. And that forfeitures on land were historically entitled to a jury trial. *O'Malley at 459*.

92.     The same rationale applies to impoundments which are similar in nature and elements

---

[17] Ordinance provides that the motor vehicle maybe sold 10 days after findings became final.

[18] *U. S. v. One 1976 Lincoln Mark IV, 462 F.Supp. 1383, 1387, 1389, 1392 (W.D.Pa.1979)*

to forfeitures and evidence further support for the right of trial by jury in circuit court where the companion charges are usually and customarily filed.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, pray for an Order of this Honorable Court, as follows:

A. Finding the Impoundment Ordinance lacked subject matter jurisdiction because the accused were entitled to a trial by jury in circuit court for the reasons mentioned and to Order the monies paid to be refunded and such other relief deemed to be just;

B. Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C. Designating Plaintiffs as representative of the Class and their counsel as Class counsel;

D. Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E. Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F. Granting such further relief as the Court deems just.

### Count VII
**The Impoundment Ordinance Violates the Illinois Constitution Article VI § 2 Entitled "Courts"**

1-92. Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

93. The judicial power to adjudicate the offenses as set forth in defendant's Impoundment Ordinance is solely vested in the Illinois court system. The *Illinois Constitution Art. VI, The*

33

Judiciary § 1 entitled "Courts" provides: *"The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts."*

94.     In direct contrast *prior to January 1, 1964,* the clause provided: ¶ 1 "The judicial powers, except as in this article is otherwise provided, shall be vested in one supreme court, circuit courts, <u>county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns."</u> [*Ill. Const. 1870*]

95.     The 1970 Illinois Constitution abolished Municipal courts.

96.     The term 'offense' is defined by Illinois law as:

"Offense" means conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this State or by any law, local law or <u>Ordinance</u> of a political subdivision of this State, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same. *730 ILCS 5/5-1-15*

97.     The term "petty offense" often applied to traffic violations, among others violations is defined by Illinois law as:    "'Petty offense' means any offense for which a sentence of imprisonment is not an authorized disposition." *730 ILCS 5/5-1-17*

98.     Defendant City lacks "judicial power" under the Illinois Constitution to adjudicate petty offenses enumerated in its challenged Ordinance to support seizure of property such as vehicles.   It had no right or judicial power to impose or assess monetary fines or create a responsibility upon the owners of the vehicles to pay towing or storage charges based upon an unconstitutional adjudication that purports to determine the commission of one or more of the statutory predicate state offenses specified in the Ordinance as well as "probable cause" for arrest and seizure, which is clearly a judicial power awarded solely to the courts.

99.     Furthermore, aside from having no power to adjudicate or perform judicial acts

34

relative to the arrest and impoundment of vehicles, defendant has no power or right under state law or the Constitution to dispose of property when the penalty and applicable towing and storage fees are not timely paid.

100.    The Impoundment Ordinance purports to determine at a 'preliminary hearing' held by the City whether or not defendant City's police officer (employee) had "probable cause" to arrest, seize and impound the subject vehicles, which is substantively and traditionally an inherent "judicial power" reserved to the Circuit, Appellate and the Supreme Court by the Illinois Constitution since January 1, 1964.

101.    Further, the Impoundment Ordinance, purports to adjudicate at an plenary hearing whether or not the vehicle was used in the commission of one or more enumerated state offenses, based upon a preponderance of the evidence, which is substantively and traditionally a judicial function reserved to the courts by the Illinois Constitution. The use of the vehicle in the commission of enumerated offenses necessarily involves findings of fact and application of law, between two parties with competing interests, that the predicate state statutes were violated. (See: § *2-14-132 (2)*)

102.    The Ordinance also provides that in the event the owner of the vehicle does not appear at the hearing, he is found in default and an impoundment penalty of $2,000.00 to $3,000.00 payable to the City is adjudged, plus the towing and storage costs of an indeterminate and unlimited amount is assessed against the owner of the vehicle and payable to the City.

103.    The assessment of fines and/or penalties is a judicial power reserved solely to the Illinois Court System.

104.    Consistently with plaintiffs' constitutional claim relating to judicial acts being confined to the Courts, many of the state statutes enumerated in defendant's Ordinance as violations justifying

the seizure and impoundment of vehicles clearly provide that no disposition may be made of property until the validity of the seizure has been determined in a circuit court and all appeals exhausted. See: *The Drug Paraphernalia Control Act 720 ILCS 600/5 (d); the Controlled Substance Act 570/505 (e)* entitled "Forfeiture of Property"; the *State Forfeiture Act 720 ILCS 5/36-2,* entitled "Action for Forfeiture", consistently and in harmony with other state law provides that the state, through the states attorney, must make a showing in <u>Court</u> that the vessel, <u>vehicle</u> or aircraft was used in commission of an enumerated offense or the property must be returned to the owner.

105.    The City in the instance of the named Plaintiffs and all others similarly situated, lacked subject matter jurisdiction to make such a determination or conviction regarding the underlying state offenses at a City hearing and to impose a penalty as a result of such violation because it lacked judicial power to do so under the Illinois Constitution.

106.    Such determinations are reserved to the Courts by the Illinois Constitution, as well as state statute. The City had no power or jurisdiction to exercise judicial power for the purpose of impounding vehicles, which is a protected property right and without the power to impose monetary penalty based upon its adjudication that enumerated state offenses were committed or enter default Judgments.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, pray for an Order of this Honorable Court, as follows:

A.    Finding the Impoundment Ordinance to be unconstitutional in contravention of *Art. VI § 2* entitled "Courts" for the reasons mentioned that such findings such as "probable cause" and commission of the underlying offenses are the sole province of the court's "judicial powers" and to Order the monies paid by Plaintiffs and Class members to be refunded and such other relief deemed

to be just;

B.     Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.     Designating Plaintiffs as co-representatives of the Class and their counsel as Class counsel;

D.     Entering judgment in favor of Plaintiffs and the Class against Defendant;

E.     Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, named Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.     Granting such further relief as the Court deems just.

<u>**Count VIII**</u>
**The Ordinance Violates Article VI § 9 of the Illinois Constitution That Reserves Justiciable Matters to the Original Jurisdiction of the Circuit Court**

1-106.  Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

107.     The *Illinois Constitution Article VI § 9* in relevant part provides: *"Circuit courts shall have original jurisdiction of all justiciable matters..."* A "justiciable matter" is one which involves adverse legal interests of parties to the action.

59.     [A] 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite or concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse interests.[19]

_____

[19] *Belleville Toyota*, 199 Ill.2d at 334–*35; *People v. Glowacki*, 404 Ill. App. 3d 169, 172. (Ill. App. Ct. 2010)

109. The City lacks jurisdiction to try offenses and adjudicate the legality of an arrest of a person or reasonableness of the seizure of property, which are justiciable matters reserved to the circuit courts by the Illinois Constitution and state statutes. Matters such as probable cause to arrest and seize property are inherently and traditionally justiciable matters.

110. Defendant City lacks jurisdiction over "justiciable matters" under the Illinois Constitution and has no power to adjudicate the offenses enumerated in its challenged Ordinance. It has no right or power to impose or assess a monetary fine or create a responsibility upon the owners of the vehicles to pay towing or storage charges based upon an unconstitutional adjudication that purports to determine the guilt or innocence of the commission of one or more of the offenses enumerated in the Ordinance.

111. The City, in the instance of the named Plaintiffs and all others similarly situated, was without subject matter jurisdiction to make such a determination regarding the offenses at a City hearing and to impose a penalty as a result of such a conviction because it lacked judicial power to do so under the Illinois Constitution justiciable matters clause.

112. Such determinations are reserved to the Courts by the Illinois Constitution and state statute. The City had no power or jurisdiction to exercise judicial power for the purpose of impounding vehicles, which is a protected property right and without the power to impose monetary penalty based upon its adjudication that enumerated state offenses were committed with the use of a vehicle.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, pray for an Order of this Honorable Court, as follows:

A. Finding the Impoundment Ordinance to be unconstitutional as set forth in the justiciable

matters clause for the reasons mentioned that such findings such as "probable cause" and the guilt or innocence of the persons of misdemeanors or felonies is within the exclusive and original jurisdiction of the court and to Order the monies paid to be refunded to Plaintiffs and other Class members and such other relief deemed to be just;

B.      Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.      Designating Plaintiffs as representative of the Class and their counsel as Class counsel;

D.      Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.      Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaims the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.      Granting such further relief as the Court deems just.

## Count IX
### Owner/Driver Ordinance Violates Compulsory Joinder Statute
### Multiple Prosecutions for Same Act 720 ILCS 5/3-3

1-112. Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.  And further state this count constitutes a claim that the Ordinance is unconstitutional as applied.

Intentionally blank

39

**Multiple Prosecutions for Same Act [MPA]**

(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately.

113.    The challenged Ordinance impounds vehicles for use related violations. The Ordinance provides for preliminary proceeding to determine probable cause that justifies the arrest and seizure of the vehicle.  If so, the City Ordinance provides for an owners's hearing to determine if the driver/owner committed one or more of the status related or use related offenses with a vehicle.

114.    Simultaneous charges against the owner/defendant in two forums, violate the aforesaid statute. Often under the City Code the owner/operator is charged with the identical *offenses* arising out of the *same act* by the defendant in state circuit court as well as administratively by the City. Both prosecutions are often based on the *same conduct* of the defendant/owner and based on the commission of one or more offenses as set forth in the subject Ordinance.

115.    In cases where the alleged offender is both the owner and operator of the vehicle, the City proceeding violates the Multiple Prosecutions Act when identical charges are filed in state court against the same defendant. For instance, a use related offense that is utilized to justify vehicle impoundment (*§ 7-24-225 Unlawful drugs in the motor vehicle*) if filed in state court, in addition to the City's proceeding, violates the MPA.

116.    The double jeopardy proscription enunciated in the MPA protects defendants from

40

successive prosecutions by a municipality for violating an Ordinance in two venues for the same conduct, even if the municipal penalty is a fine only.[20] Here the penalty may ultimately result in a fine, but if unpaid, results in the loss of the vehicle.

117.    As a result, the Ordinance is invalid and unenforceable because it violates the MPA in many instances when the operator and owner are the same individual.

118.    The MPA is also violated by trying the same conduct in separate venues.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, pray for an Order of this Honorable Court, as follows:

A.    Finding the Impoundment Ordinance is invalid and in violation of the Multiple Prosecutions Statute, for the reasons mentioned above, and to Order the monies paid to be refunded to Plaintiffs and other Class members, and such other relief deemed to be just;

B.    Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.    Designating Plaintiffs as representative of the Class and their counsel as Class counsel;

D.    Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.    Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.    For such other and further relief in the interests of justice.

---

[20] *Waller v. Florida* (1970), 397 U.S. 387, 392-95, 90 S.Ct. 1184, 1187-89, 25 L.Ed.2d 435, 438-41; accord *People v. Allison* (1970), 46 Ill.2d 147, 149, 263 N.E.2d 80, 81.

<u>Count X</u>
**The Ordinance is Unreasonable and Therefore Invalid**

1-118.  Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

119.    Illinois courts have long required that when legislative powers are delegated to municipal corporations, the Ordinance must be reasonably exercised.

120.    The subject Ordinance is arbitrary, capricious and unreasonable, and bears no relationship to public health, safety or welfare and violates statutory rights set out above as well as Plaintiffs' constitutional rights also set forth above.

121.    For one or more of the cumulative reasons stated above in the previous Counts of this Complaint, which are incorporated by reference, renders the Ordinance arbitrary, capricious and unreasonable, and bears no relationship to public health, safety or welfare and is invalid.

122.    Furthermore, if the Circuit Court ruled no probable cause or the city dismissed the underlying offense regarding the same event or the defendant is acquitted of the offense, it is simple justice that the defendant be refunded any monies paid due to the impoundment based upon those offenses, however, the Ordinance fails to provide provision for such fact unlike the state Impoundment Act.

123.    The proceeding are not matters of local affairs, but rather affect the statewide administration of justice particularly subsection (3) which incorporates § 2-14-103 to enforce any Order and has an attorney fee shifting provision and makes the defendant responsible for any expenses incurred in the enforcement of the Order, which is not supported by statute.  Awarding the *any* unspecified expense of enforcement is vague, arbitrary, unreasonable and capricious, especially when such award is sanctioned, without regard to the defendant's inability to pay.  Such expenses are in

42

derogation of common law and must be narrowly construed.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, pray for an Order of this Honorable Court, as follows:

A.     Finding the Impoundment Ordinance arbitrary, capricious and unreasonable, for the reasons mentioned and to Order the monies paid to be refunded and such other relief deemed to be just;

B.     Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.     Designating Plaintiffs as representative of the Class and their counsel as Class counsel;

D.     Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.     Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.     For such other and further relief the court deems just.

## Count XI
## Declaratory Judgment

1-123.   Plaintiffs repeat and re-allege the allegations set forth in all the preceding paragraphs, as if fully set forth herein.

124.     As previously alleged, the City has improperly taken advantage of penalties, fines and expenses which it was not entitled, for all the reasons that have been set forth in the previous paragraphs of this complaint.

125.     This illegal conduct demands a declaration that the Ordinance is illegal, unenforceable and *void ab initio*.

WHEREFORE, Plaintiffs, Alice Spinks and Dwain Bell, on behalf of themselves, and others similarly situated, pursuant to *735 ILCS 5/2-701*, asks this court to declare that the conduct of the City as outlined in the preceding paragraphs of this Complaint constitute a basis to recover monies from fines, penalties and expenses, as well as the fair market value of all vehicles sold and improperly taken by the City.

## Count XII
## Unjust Enrichment

1-125.  Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

126.  Plaintiffs and other Class members paid fines, towing and storage fees as a result of this invalid and unenforceable Ordinance and constitutes unjust enrichment of the City at Plaintiffs and other Class members expense, and it would be inequitable, under the circumstances, for defendant to retain such funds that should not have been paid at all.

127.  In the case of numerous putative Class members, the permanent deprivation and disposal of their vehicles unjustly enrich defendant.

128.  As a result, defendant should reimburse the Plaintiffs and all Class members the amount due them.

129.  Plaintiffs and other putative Class members conferred benefits upon defendant, City, which constituted unjust enrichment at Plaintiffs and Class members expense, and it would be inequitable, under the circumstances, for defendant to retain the benefits reaped from such fines, penalties or the proceeds from the sale of impounded vehicles without paying the full value thereof to Plaintiffs and other Class members.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein,

44

pray for an Order of this Honorable Court as follows:

A.      Finding the proceeds from the Impoundment Ordinance to constitute unjust enrichment, for the reasons mentioned above, and to Order the monies paid to be refunded to Plaintiffs and other Class members, and such other relief deemed to be just;

B.      Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.      Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

D.      Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.      Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.      For such other and further relief in the interests of justice.

### Count XIII
### Conversion of Personal Property

1-129.  Plaintiffs repeat and re-allege the allegations set forth in all the preceding paragraphs, as if fully set forth herein.

130.    For all or some of the reasons set forth above, the challenged Ordinance is invalid and unenforceable. Enforcement of such Ordinance constituted conversion of those vehicles owned by Class members by the City.

131.    Defendant had no right to seize, impound or dispose of putative Class members' vehicles who, for whatever reason, did not pay the fine imposed, or towing or storage charges, and whom had no obligation to pay same pursuant to an invalid Ordinance.

132.    As a result of the enforcement of the invalid Ordinance, some vehicle owners were

45

wrongfully and permanently deprived fo their vehicles, which were disposed of by public and private sale.

133.    Some of the putative Class members are damaged in an amount equal to the fair market value of their respective vehicles at the time of impoundment plus interest. In addition, such Class members so deprived of their vehicles are entitled to damages for the loss of use of their vehicles.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, pray for an Order of this Honorable Court, as follows:

A.    Finding the enforcement and disposal of the vehicles pursuant to the invalid Impoundment Ordinance to constitute *conversion of their vehicles*, for the reasons mentioned above, and to Order payment by the City for the fair market value of those vehicles, and additional damages for the loss of use of the vehicles by their owners and such other relief deemed to be just;

B.    Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein;

C.    Designating Plaintiffs as representatives of the Class and their counsel as Class counsel;

D.    Entering judgment in favor of Plaintiffs and the Class and against Defendant;

E.    Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon; provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00; and

F.    For such other and further relief in the interests of justice.

## Count XIV
### Accounting and Constructive Trust

1-133. Plaintiffs repeat and re-allege the allegations set forth in all the preceding paragraphs, as if fully set forth herein.

46

134. The aggregate amount due Class members can only be ascertained by investigating the documents in defendant's possession, and the accounts are so complicated that the jury or trier of fact cannot satisfactorily determine the aggregate amount, as well as the amounts owed individual Class members without such an accounting.

135. Any fines/penalties taken by defendant or payments made to persons it employed to tow and/or store Plaintiffs' and other Class members vehicles should be placed in a constructive trust until the conclusion of this case, and any documents relating to such matters be preserved by defendant.

WHEREFORE, Plaintiffs, individually and on behalf of the Class of persons described herein, pray for an Order of this Honorable Court, as follows:

A. Entering an Order compelling defendant to provide an accounting of the improper fines, towing and storage expenses incurred and placing any such fines and expenses taken by defendant or third parties pursuant to the Ordinance in a constructive trust, as well as ordering defendant not to destroy any documents that pertain to the calculations or amount of the aggregate individual damages incurred;

B. Designating the named Plaintiffs as representatives of the Class and their counsel as Class counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendant;

D. Awarding Plaintiffs and Class members their individual damages and allowable costs, including interest thereon, provided, however, Plaintiffs disclaim the sum or value of such recovery, exclusive of interest and costs, in excess of $75,000.00;

E. Any applicable statutes of limitations have been equitably tolled by the City invalid Ordinance;

47

F.      Entering an injunctive Order or Orders prohibiting City practices stated above;

G.      Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in *735 ILCS 5/2-801*, and certifying the Class defined herein; and

H.      Granting such further relief as the Court deems just.

Respectfully submitted,

Donald K. Birner, Plaintiffs' Attorney

Donald K. Birner
Attorney for Plaintiffs
2613 Mayflower Dr.
Pekin, IL 61554
Phone: 309/347-7058
Attorney Registration # 0213152

48

# EXHIBIT "1"

# CITY OF CHICAGO, DEPARTMENT OF ADMINISTRATIVE HEARINGS
## NOTICE OF HEARING

Vehicle Owner/Person Entitled to Possession: Alice Spinks
Home Address: 3200 WILCOX AVE
City, State, and ZIP Code:
Vehicle License Plate Number: K910080

Vehicle Identification Number (V.I.N. #): 2B4GP44G4YR646522         Date of Impoundment: September 4, 2012

---

**PLEASE BE ADVISED THAT PURSUANT TO 2-14-132, Municipal Code of Chicago, A HEARING TO CONTEST THE IMPOUNDMENT OF YOUR VEHICLE HAS BEEN SCHEDULED AT 400 W. Superior, Room 110 - Central Hearing Facility, Chicago, IL. On: Thursday Sep 6, 2012 11:30 am**

Basis for impoundment of vehicle:   **7-24-225   Unlawful drugs in motor vehicle.**

If you fail to appear at the scheduled hearing, you shall be deemed to have waived your right to a hearing and a default finding of liability may be entered against you for the amount of administrative penalty, towing and accumulated storage fees.

If the vehicle remains impounded at the time of default, the default judgment shall include the amount of storage fees that accumulate each and every day that the vehicle remains impounded after the entry of the default judgment. Any vehicle that is not reclaimed within ten (10) days after the expiration of the time to seek judicial review of a finding of liability or default finding of liability may be disposed of by the City.

## CERTIFICATION OF SERVICE

I, _____, certify that I served a copy of this Notice of Hearing, to the above named
   (NAME OF EMPLOYEE)
individual,

✓  A. by personally serving a copy of the same to the person on _____ 9-6-12 .
                                                                            (DATE)

X _____
   SIGNATURE OF RESPONDENT (DESIGNEE)

___  B. at the above address by depositing the same in the United States Mail at _____ ,
                                                                                         (LOCATION)

_____
   EMPLOYEE'S SIGNATURE (SERVICE BY MAIL)

before 5:00 p.m. on _____
                          (DATE)

**EXHIBIT 1**

Questions about the hearing may be directed to the Department of Administrative Hearings.
312-742-8475

Printed: Sep 6, 2012 11:02 am



5235397-2392-09/06/12-0R - Admi 2180.00



## CITY OF CHICAGO DEPARTMENT OF FINANCE
### RECEIPT FOR VEHICLE IMMOBILIZATION AND/OR IMPOUNDMENT

Date: September 06, 2012

License Plate Number: K910080

Date Impounded: 04 Sep 2012

Towed To: 10300 S. Doty Road

Time: 11:37

VIN: 2B4GP44G4YR646522

Docket Number: 12VP011609

Inventory Number: 2687533

Fees

| | |
|---|---|
| Fine: | $2000.00 |
| Tow Fee: | $150.00 |
| Storage Fee: | $30.00 |
| Restitution Fee: | $0.00 |
| Referral fee: | |
| Administrative costs: | $0.00 |
| Total previously paid: | |
| Total due: | $2180.00 |
| TOTAL PAID: | $2180.00 |
| BALANCE DUE: | $0.00 |

PAID BY:

[X] Registered Owner       [ ] Authorized Agent       [ ] Lien Holder

SPINKS, ALICE
3200 WILCOX AVE
BELLWOOD, IL 60104

Failure to claim and retrieve impounded vehicle from the pound on the date of payment will cause the registered owner to be assessed with additional storage fees. The City of Chicago shall dispose of any vehicle that is not retrieved from the pound within 21 days of the date of the payment.

_____
Signature of registered owner, agent, or lien holder

_____
Signature of the Payment Service Representative

**EXHIBIT "2"**

DOAH - Order (1/00)



# IN THE CITY OF CHICAGO, ILLINOIS
## DEPARTMENT OF ADMINISTRATIVE HEARINGS

Address of Violation:

CITY OF CHICAGO, a Municipal Corporation, Petitioner, )    3315 W Ogden
      v. )
       )
Spinks, Alice )    Docket #: 12VP011609
3200 WILCOX AVE )
       )    Issuing City
      , Respondent. )    Department:

### FINDINGS, DECISIONS & ORDER

This matter coming for Hearing, notice given and the Administrative Body advised in the premises, having considered the motions, evidence and arguments presented, IT IS ORDERED; As to the count(s), this tribunal finds by a preponderance of the evidence and rules as follows:

| *Finding* | *NOV#* | *Count(s)* | *Municipal Code Violated* | *Penalties* |
|---|---|---|---|---|
| Probable Cause Found/Case scheduled for full hearing | 2687533 | 1 | 7-24-225   Unlawful drugs in motor vehicle. | $2,000.00 |

Sanction(s):

| | |
|---|---|
| Storage Fee | $30.00 |
| Tow Fee | $150.00 |

The vehicle shall not be released if such vehicle is held pursuant to applicable state, federal or any other law, or a court order or warrant that authorizes the continued impoundment of the vehicle, or if the vehicle is subject to a police investigation hold that has not been removed.

Admin Costs: $0.00

JUDGMENT TOTAL: $2,180.00

Balance Due: $2,189.00

Case is continued to Tuesday, Oct 2, 2012, at 1:00 pm, in Room 110 - Central Hearing Facility, 400 W. Superior, for a hearing.

ENTERED: _____
          Administrative Law Judge

24    Sep 6, 2012
ALO#    Date

This Order may be appealed to the Circuit Court of Cook Co. (Daley Center 6th Fl.) within 35 days by filing a civil law suit and by paying the appropriate State mandated filing fees.

Pursuant to Municipal Code Chapter 1-19, the city's collection costs and attorney's fees shall be added to the balance due if the debt is not paid prior to being referred for collection.



12VP011609

Page 1 of 1

Date Printed:  Sep 6, 2012 11:20 am



**Hot Desk**

Impounded Vehicle

## Impounded Vehicle

### Record Details

| | | | |
|---|---|---|---|
| ID | 261530 | RD # | HV460065 |
| License Plate # | K910080 | VIN | 2B4GP44G4YR646522 |
| License Type | PC - PASSENGER CAR | Chicago City Tag | |
| License State | ILLINOIS | Tag Year | CHI? |
| License Year | 2013 | Vehicle Status | ACTIVE |
| LIM | 05 | | |

Modified By   SS00832
Modified Date   04-Sep-2012 04:41
Created By   OE00366
Created Date   04-Sep-2012 03:01

### Vehicle Details

| | | | |
|---|---|---|---|
| Year | 2000 | Style | VN - VAN/PANEL OR V/P TRAILER - VMO MUST BE TK |
| Make | DODG | Top Color | MAROON OR BURGUNDY |
| Model | | Bottom Color | |

### Tow Details

| | | | |
|---|---|---|---|
| Street No | 3315 | Street Dir | W |
| Street Name | OGDEN | Tow Date | 04-Sep-2012 |
| City | CHICAGO | Type of Tow | IMMEDIATE |
| Zip | | Truck/License | 253 |
| OCC:BEAT | 1024 | Pound Number | 02 - 10300 S DOTY - 10300 S DOTY RD |
| | | Reason | 16 - NARCOTICS |
| | | Inventory # | 2687533 |
| | | S&S | 12063942 |
| | | OCC:Date | 04-Sep-2012 |

Owner Notified?
Hold For Investigation
Release Type
Release Date
Cancel Tow?
BEAT
Cancel Date

### Miscellaneous

Misc   6741G

© Chicago Police Department 2012

# EXHIBIT "3"



**2-14-101      Seized / unclaimed property.**

After an administrative law officer has issued a final determination of liability or no liability, any property seized by the city in relation to the subject matter of the final determination of liability or no liability that is not forfeited by operation of law may be reclaimed by the lawful owner provided that all penalties and fees have been paid. The procedures for the reclamation shall be within the discretion of the department head of the city department or agency charged with maintaining custody of the property. After the expiration of time during which judicial review of the final determination of liability may be sought or 35 days after the final determination of no liability, unless stayed by a court of competent jurisdiction, any property not so reclaimed may be disposed of by the city department or agency charged with maintaining custody of the property as provided by law. (Added Coun. J. 4-29-98, p. 66564)

**2-14-132      Impoundment.**

(1)      Whenever the owner of a vehicle seized and impounded pursuant to Sections 3-46-076, 3-56-155, 4-68-195, 9-80-220, 9-112-640 or 9-114-420 of this Code (for purposes of this section, the "status-related offense sections"), or Sections 7-24-225, 7-24-226, 7-28-390, 7-28-440, 7-38-115(c-5), 8-4-130, 8-8-060, 8-20-070, 9-12-090, 9-32-040, 9-76-145, 9-80-225, 9-80-240, 9-92-035, 10-8-480©, 11-4-1410, 11-4-1500 or 15-20-270 of this Code (for purposes of this section, the "use-related offense sections") requests a preliminary hearing in person and in writing at the department of administrative hearings, within 15 days after the vehicle is seized and impounded, an administrative law officer of the department of administrative hearings shall conduct such preliminary hearing within 48 hours of request, excluding Saturdays, Sundays and legal holidays, unless the vehicle was seized and impounded pursuant to Section 7-24-225 and the department of police determines that it must retain custody of the vehicle under the applicable state or federal forfeiture law. If, after the hearing, the administrative law officer determines that there is probable cause to believe that the vehicle was used in a violation of this Code for which seizure and impoundment applies, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle is eligible for impoundment under that section, the administrative law officer shall order the continued impoundment of the vehicle as provided in this section unless the owner of the vehicle pays to the city the amount of the administrative penalty prescribed for the code violation plus fees for towing and storing the vehicle. If the vehicle is also subject to immobilization for unpaid parking and/or compliance violations, the owner of the vehicle must also pay the amounts due for all such outstanding violations prior to the release of the vehicle. If the administrative law officer determines there is no such probable cause, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle has previously been determined not to be eligible for impoundment under

that section, the vehicle will be returned without penalty or other fees.

(2)     Within ten days after a vehicle is seized and impounded the department of streets and sanitation or other appropriate department shall notify by certified mail the owner of record (other than a lessee who does not hold title to the vehicle), the person who was found to be in control of the vehicle at the time of the alleged violation, and any lienholder of record, of the owner's right to request a hearing before the department of administrative hearings to challenge whether a violation of this Code for which seizure and impoundment applies has occurred or, if the impoundment is pursuant to Section 9-92-035, whether the subject vehicle is eligible for impoundment under that section. In the case where an owner of record is a lessee who does not hold title to the vehicle, the notice shall be mailed to such lessee within ten days after the department of streets and sanitation receives a photocopy or other satisfactory evidence of the vehicle lease or rental agreement, indicating the name, address, and driver's license number of the lessee pursuant to subsection (9). However, no such notice need be sent to the owner of record if the owner is personally served with the notice within ten days after the vehicle is seized and impounded, and the owner acknowledges receipt of the notice in writing. A copy of the notice shall be forwarded to the department of administrative hearings. The notice shall state the penalties that may be imposed if no hearing is requested, including that a vehicle not released by payment of the penalty and fees and remaining in the city pound may be sold or disposed of by the city in accordance with applicable law. The owner of record seeking a hearing must file a written request for a hearing with the department of administrative hearings no later than 15 days after notice was mailed or otherwise given under this subsection. The hearing date must be no more than 30 days after a request for a hearing has been filed. If, after the hearing, the administrative law officer determines by a preponderance of the evidence that the vehicle was used in the violation, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle was properly impounded under that section, the administrative law officer shall enter an order finding the owner of record liable to the city for the amount of the administrative penalty prescribed for the violation, plus towing and storage fees. If, after a hearing, the administrative law officer does not determine by a preponderance of the evidence that the vehicle was used in such a violation, or, if the impoundment is pursuant to Section 9-92-035, that the subject vehicle was not eligible for impoundment under that section, the administrative law officer shall enter an order finding for the owner and for the return of the vehicle or previously paid penalty and fees; provided that if the vehicle was seized and impounded pursuant to Section 7-24-225, the vehicle shall not be returned unless and until the city receives notice from the appropriate state, or where applicable, federal officials that (I) forfeiture proceedings will not be instituted; or (ii) forfeiture proceedings have concluded and there is a settlement or a court order providing that the vehicle shall be returned to the owner of record. If the owner of record requests a hearing but fails to appear at the hearing or fails to request a hearing in

a timely manner, the owner of record shall be deemed to have waived his or her right to a hearing and an administrative law officer of the department of administrative hearings shall enter a default order in favor of the city in the amount of the administrative penalty prescribed for the violation, plus towing and storage fees. However, if the owner: (I) redeemed the vehicle by payment of the appropriate penalty and fees, and (ii) was notified of the owner's right to request a hearing, and (iii) failed to timely request a hearing, then the payment shall be deemed an acknowledgment of liability and no adjudication shall be required. For the purposes of this section and those sections of this Code referenced in subsection (1) of this section, the terms "seizure and impoundment" and "seized and impounded" shall be deemed to also refer to a vehicle that a police officer or other authorized city agent or employee determines is subject to impoundment because there is probable cause to believe it was used in violation of one or more of those sections of the code listed in subsection (1) of this section, regardless of whether the vehicle is actually towed to and held at a city facility.

   (3)  An administrative penalty, plus towing and storage fees, imposed pursuant to this section shall constitute a debt due and owing to the city which may be enforced pursuant to Section 2-14-103 or in any other manner provided by law. Any amounts paid pursuant to this section shall be applied to the penalty. Except as provided otherwise in this section, a vehicle shall continue to be impounded until (1) the administrative penalty, plus any applicable towing and storage fees, plus all amounts due for outstanding final determinations of parking and/or compliance violations (if the vehicle is also subject to immobilization for unpaid final determinations of parking and/or compliance violations), is paid to the city, in which case possession of the vehicle shall be given to the person who is legally entitled to possess the vehicle; or (2) the vehicle is sold or otherwise disposed of to satisfy a judgment or enforce a lien as provided by law. Notwithstanding any other provision of this section, whenever a person with a lien of record against a vehicle impounded under this section has commenced foreclosure proceedings, possession of the vehicle shall be given to that person if he or she pays the applicable towing and storage fees and agrees in writing to refund to the city the net proceeds of any foreclosure sale, less any amounts necessary to pay all lien holders of record, up to the total amount of penalties imposed under this section. Notwithstanding any other provision of this section, no vehicle that was seized and impounded pursuant to Section 7-24-225 shall be returned to the record owner unless and until the city has received notice from the appropriate state, or where applicable, federal officials that (I) forfeiture proceedings will not be instituted; or (ii) forfeiture proceedings have concluded and there is a settlement or a court order providing that the vehicle shall be returned to the owner of record.

   (4)  Any motor vehicle that is not reclaimed within ten days after the expiration of the time during which the owner of record may seek judicial review of the city's action under this section, or, if judicial review is sought, the time at

3

which a final judgment is rendered in favor of the city, or the time a final administrative decision is rendered against any owner of record who is in default may be disposed of as an unclaimed vehicle as provided by law; provided that, if the vehicle was seized and impounded pursuant to Section 7-24-225 and proceedings have been instituted under state or federal drug asset forfeiture laws, the vehicle may not be disposed of by the city except as consistent with those proceedings.

(5) As used in this section, the "owner of record" of a vehicle means the record title holder and includes, for purposes of enforcing Section 3-46-076, the "license holder of a ground transportation vehicle" as that term is defined in Chapter 3-46. For purposes of this section and the sections of the Municipal Code of Chicago enumerated in subsection (1) of this section, "owner of record" also includes the lessee of the vehicle.

(6) Fees for towing and storage of a vehicle under this section shall be the same as those charged pursuant to Chapter 9-92 of this Code.

(7) In a hearing on the propriety of impoundment under Section 7-24-226, any sworn or affirmed report, including a report prepared in compliance with Section 11-501.1 of the Illinois Vehicle Code, that (a) is prepared in the performance of a law enforcement officer's duties and (b) sufficiently describes the circumstances leading to the impoundment, shall be admissible evidence of the vehicle owner's liability under Section 7-24-226 of this Code, and shall support a finding of the vehicle owner's liability under Section 7-24-226, unless rebutted by clear and convincing evidence.

(8) For purposes of the section, a vehicle is not considered to have been used in a violation that would render the vehicle eligible for towing if: (1) the vehicle used in the violation was stolen at the time and the theft was reported to the appropriate police authorities within 24 hours after the theft was discovered or reasonably should have been discovered; (2) the vehicle was operating as a common carrier and the violation occurred without the knowledge of the person in control of the vehicle; or (3) the alleged owner provides adequate proof that the vehicle had been sold to another person prior to the violation.

(9) (A) Notwithstanding any provision of this section to the contrary, a lessor (except where the lessee holds title to the vehicle) asserting his or her right to possession of a vehicle impounded pursuant to one or more of the use-related offense sections set forth in paragraph (1) may obtain immediate release of such vehicle by paying the applicable towing and storage fees provided in subsection (6) of this section and submitting a photocopy or other satisfactory evidence of the vehicle lease or rental agreement, indicating the lessee's name, address and driver's license number. The requirements of subsection (3) of this section regarding the payment of parking and/or compliance violations shall apply to such a lessor only to the extent of such outstanding final determinations of parking and/or compliance violations for which the lessor is legally liable with respect to such impounded vehicle. The city shall refund the towing and storage

4

fees to such lessor if the city recovers such fees from the lessee, or if the towing is ultimately determined to be improper or erroneous, or if the lessee is otherwise determined not to be liable for such fees.

(B)     No person who is the lessor of a vehicle pursuant to a written vehicle lease or rental agreement shall be liable for administrative penalties and fines set forth in one or more of the use-related offense sections set forth in paragraph (1) involving such vehicle during the period of the lease or rental agreement, if the lessor provides to the department of streets and sanitation or police, either prior to or within 30 days of the receipt of a notice of impoundment, a photocopy or other evidence of the vehicle lease or rental agreement, indicating the name, address, and driver's license number of the lessee. If such penalty, fine or fee has already been imposed on the lessor, it shall be abated by the city upon receipt of such photocopy or other evidence within the time frame provided herein.

(10)     When an authorized employee or agent of the City of Chicago has probable cause to believe that a vehicle is subject to seizure and impoundment pursuant to any one or more of the code sections set forth in subsection (1) of this section, he shall affix a notice to the vehicle in a conspicuous place. Such notice shall warn that the vehicle is subject to seizure for purposes of impoundment. The notice shall also provide a warning that removal or relocation of the vehicle by any person other than the City of Chicago or its authorized agents is unlawful.

It shall be unlawful for anyone other than an authorized agent of the city to remove or relocate any vehicle that has been determined to be subject to impoundment and which bears a warning notice that the vehicle is subject to seizure for purposes of impoundment. The owner of record of such vehicle, and any person who removes or relocates such vehicle in violation of this subsection, shall be subject to a penalty of no less than $1,000.00 and no more that $2,000.00 for such violation. This offense shall be a strict liability offense as to the vehicle's owner of record. Anyone who removes a vehicle sticker affixed to a vehicle pursuant to this section before such vehicle is relocated to a city facility shall be subject to a fine of no less that $500.00 and no more than $1,000.00.

(11)     Notwithstanding any other provision of this section, no impounded vehicle shall be released and operated on the public ways of the city without a current state registration plate registered to the impounded vehicle and unless the vehicle is covered by a liability insurance policy. In addition, if an impounded vehicle is required to be licensed under Chapter 3-56 of this Code, no such vehicle shall be released without a valid City of Chicago wheel tax license emblem. The owner of an impounded rental or commercial motor vehicle may meet the wheel tax license emblem requirement of this subsection by presenting proof of ownership of the impounded rental or commercial motor vehicle and a receipt issued by the office of the city clerk showing that the owner has purchased wheel tax license emblems for the owner's rental or commercial motor vehicles in accordance with Chapter 3-56 of this Code.

5

(Added Coun. J. 4-29-98, p. 66564; Amend Coun. J. 7-21-99, p. 9095; Amend Coun. J. 12-15-99, p. 21529, § 1; Amend Coun. J. 3-15-00, p. 27700, § 2; Amend Coun. J. 6-6-01, p. 60138, § 1; Amend Coun. J. 12-12-01, p. 76443, § 2; Amend Coun. J. 7-31-02, p. 90675, § 1; Amend Coun. J. 12-4-02, p. 99026, § 5.1; Amend Coun. J. 5-7-03, p. 564, § 1; Amend Coun. J. 9-4-03, p. 7167, § 1; Amend Coun. J. 11-3-04, p. 34974, § 1; Amend Coun. J. 10-6-05, p. 56698, § 1; Amend Coun. J. 12-7-05, p. 64870, § 1.8; Amend Coun. J. 7-26-06, p. 81473, § 5; Amend Coun. J. 7-26-06, p. 81824, § 1; Amend Coun. J. 11-13-07, p. 14999, Art. I, § 7; Amend Coun. J. 12-12-07, p. 17518, § 2; Amend Coun. J. 11-18-09, p. 77163, § 1; Amend Coun. J. 7-2-10, p. 96234, § 1; Amend Coun. J. 11-17-10, p. 106597, Art. III, § 1; Amend Coun. J. 7-28-11, p. 5048, § 2; Amend Coun. J. 12-14-11, p. 17753, § 1; Amend Coun. J. 1-18-12, p. 19118, § 3; Amend Coun. J. 9-11-13, p. 58821, § 2; Amend Coun. J. 10-16-13, p. 61861, § 2)

**2-14-135      Impoundment – Towing and storage fee hearing.**

The owner or other person entitled to possession of a vehicle seized and impounded pursuant to Section 9-92-030 of this Code may request a hearing before the department of administrative hearings. Such a hearing request must be made in person and in writing at the department of administrative hearings within 30 days after the vehicle is seized and impounded. If at the time of the request for a hearing the owner or other person entitled to possession of the vehicle has not obtained the release of the vehicle, an administrative law officer of the department of administrative hearings shall conduct such hearing within 48 hours of the request, excluding Saturdays, Sundays and legal holidays. However, if at the time of the request for a hearing the owner or other person entitled to possession of the vehicle has obtained the release of the vehicle, an administrative law officer of the department of administrative hearings shall conduct such hearing within 30 days of such request. The hearing referred to in this section shall be to determine whether the vehicle is subject to towing or removal under Section 9-92-030 of this Code, and the validity of any towing or storage fees imposed. If, after the hearing, the administrative law officer determines that the vehicle was subject to towing or removal under Section 9-92-030 of this Code, the administrative law officer shall enter an order finding the owner or other person entitled to possession of the vehicle liable to the city for the towing and storage fees. If, after a hearing, the administrative law officer determines that the vehicle was not subject to towing or removal under Section 9-92-030 of this Code, the administrative law officer shall enter an order finding for the owner or other person entitled to possession of the vehicle and for the return of the vehicle if it was not previously released, and a refund of the previously paid towing and storage fees; provided, however, the vehicle shall not be released if such vehicle is held pursuant to applicable state, federal or any other law, or a court order or warrant that authorizes the continued impoundment of the vehicle.

(Added Coun. J. 11-18-09, p. 76558, § 1)

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF ILLINOIS
COOK COUNTY STATE OF ILLINOIS
Civil Division

| | | |
|---|---|---|
| DAWAIN BELL and ALICE SPINKS | ) | |
| on behalf of themselves and | ) | |
| all others similarly situated, | ) | Civil Division |
| Plaintiffs | ) | CLASS ACTION |
| | ) | |
| vs. | ) | Case No. 2014 L 050589 Calendar 3 |
| | ) | |
| THE CITY OF CHICAGO | ) | |
| a Municipal Corporation, | ) | |
| Defendant | ) | |

**Plaintiffs Motion to Certify Class Action**

Plaintiffs, DAWAIN BELL and ALICE SPINKS , on behalf of themself and all others

similarly situated, by and through their attorney of record, Donald K. Birner move for class

certification and in support thereof state as follows;

**I. INTRODUCTION**

1.      Plaintiffs, DAWAIN BELL and ALICE SPINKS bring suit against the City of

Chicago alleging in multiple counts the invalidity or unconstitutionality of its  Seizure and

Impoundment Ordinance. *Ex. "1"*

2.      Plaintiff  Dawain Bell and Alice Spinks  hereby move for class certification of this

action.

3.      This action satisfies the four prerequisites for the maintenance of a class action set

1

forth by *735 ILCS 5/2-801* namely that the class is so numerous that joinder of all members are impracticable; there are questions of fact or law common to the class which common questions predominate over any questions affecting only individual members; the representative will fairly and adequately protect the interest of the class; and a class action is an appropriate method for the fair and efficient adjudication of this controversy.

## II. NATURE OF THE ACTION

4.     This is a class action brought by plaintiffs individually and on behalf of a class of persons, who owned a vehicle that were impounded by Defendant for alleged violations of an invalid and unconstitutional City ordinance, that imposed a penalty of $2,000 to $3,000 dollars, plus towing and storage fees of an unlimited indeterminate amount, in the pretext as a bond or bail. [ The City Impoundment Ordinance is attached as *Exhibit "1"* to this Motion to Certify and is incorporated by reference thereto

5.     As detailed herein, the City wrongfully and illegally impounded the named plaintiffs and other putative class members vehicles based on the premise, that the vehicles were allegedly used in the commission of one or more of the enumerated "use related"offenses.

6.     This action is brought by Plaintiffs individually and on behalf of the class persons defined  below  pursuant to Section 801 et seq, of the Illinois Code of Civil Procedure. [ 735 ILCS 5/2-801 et seq].

## III. CLASS DEFINITION

7.    **Class Definition;**

The class of persons (the "Class") on whose behalf this action is brought is defined as follows:

The owners or operators of vehicles, whose vehicles were seized and impounded and were dispossessed of the vehicle they owned or operated and were either arrested or paid a monetary penalty, or towing, or storage costs pursuant to alleged violations of the City of Chicago Ordinance commonly referred to as *§ 2-14-101* Seized /unclaimed property and *2-14-102* Impoundment of the Chicago Municipal Code since its effective date. *[Ex. "1" Ord.]*

The class also includes those vehicle owners whose vehicles were not released and were disposed of by defendant or its agents as a result of class members non-payment of the bond, fine or charges imposed by said Ordinance or as a result of its enforcement.

Excluded from the Class is the City of Chicago and any entity in which it has an interest, or its employees, including police officers as well as the executives, officers, agents, directors and their family members of the defendant, any judicial officer that presides over the matter, their spouses and anyone within three degrees of consanguinity from those Judges and their spouses.

## IV. THIS ACTION SATISFIES THE PREREQUISITES SET FORTH BY STATUTE

8.      This action satisfies the requirements of Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, making certification of this action as a class action appropriate.

### A.      Numerosity

The members of the Class, being geographically dispersed and numbering in the thousands, are so numerous that joinder of them in a single action is impracticable.

### B.      Adequacy of Representation

Plaintiffs can and will fairly and adequately represent and protect the interests of the Class, as (a) the claims of Plaintiffs are substantially similar (if not identical to) those of absent Class members, (b) there are questions of law or fact that are common to the Class and that overwhelmingly predominate over any individual issues, such that by prevailing on its own claims, Plainitffss necessarily will establish the City of Chicago's liability as to all Class

3

members, (c) without the Class representation provided by Plaintiffs, virtually no Class members

will receive legal representation or redress for their injuries, (d) Plaintiffs and their counsel have

the necessary financial and other resources to adequately and vigorously litigate this class action,

and (e) Plaintiffs and Class counsel are aware of their fiduciary responsibilities to the class

members and are determined diligently to discharge those duties by vigorously seeking the

maximum possible recovery for the Class.

### C.     Common Questions of Law and Fact

9.     There are questions of law and fact that are common to all class members,

including inter alia:

(a)     Whether the subject Ordinance was reasonable and valid;

(d)     Whether the subject Ordinance was repugnant and inconsistent with state

law covering the same subject matter such as a right to a jury trial ;

(e)     Whether it was legally permissible for the City of Chicago to exact a

penalty from the legal owners of vehicles before there was a conviction of the underlying state or

municipal offenses in state court;

(f)     Whether the Ordinance violates the due process constitutional rights of the

vehicle owners; such as their fourth amendment rights under the Federal and the equivalent

section of the state constitution;

(g)     Whether City of Chicago was unjustly enriched, and, if so, by what amount;

(h)     Whether Plaintiffs and the Class members are entitled to restitution and, if

so, the proper measure of their restitution.

10.     These common questions of law or fact predominate over any questions or issues

4

affecting individual Class members.

### D. Appropriateness

11.    A class action is an appropriate method for the fair and efficient adjudication of this controversy, given that:

(a)    Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

(b)    The size of each Class member's relatively small claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

(c)    Few Class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

(d)    Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class members;

(e)    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

(f)    No unusual difficulties are likely to be encountered in the management of this class action insofar as Chicago's liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

5

12.     The  amount in controversy would be too small in many cases to justify the expense of pursuing individual litigation.

13.     In contrast, on a class wide basis, Chicago has extracted hundreds of thousands of dollars, by charging vehicle owners an invalid and/or unconstitutional impoundment penalty.

14.     Many class members were forced to pay exorbitant towing and storage fees to third party vendors, to whom they had no legal obligation to pay, but were compelled to do so in order for defendant to release their vehicles. These members are entitled to restitution.

WHEREFORE, Plaintiffs requests that the court enter an Order  certifying the class pursuant to  statute  and other and further relief that the Court deems just.


Date; August 11, 2014

_____
Plaintiffs  Dawain Bell and Alice Spinks III
by their attorney Donald K. Birner


Donald K. Birner
Attorney for Plaintiffs
2613 Mayflower Dr.
Pekin, IL. 61554
Phone; 309/347-7058
ARDC 0213152

## PROOF OF SERVICE

The under signed attorney certifies that, on  the foregoing Motion to Certify  was requested of the Sheriff to be served upon defendant through The Clerk of the City of Chicago  along with a copy of the Complaint filed in this matter.

_____
Donald K. Birner, Plaintiffs' Attorney


6



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE



*0152 6929*

| CASE NUMBER: 14L050589 | MULT.SER. 1 | DOC. TYPE: LAW |
|---|---|---|
| **DIE DATE: 08/29/2014** | RECEIVED DATE: 8/21/2014 | FILED DATE: 08/05/2014 | DIST.: 6025C |

| **DEFENDANT** | **PLANTIFF** |
|---|---|
| CITY OF CHICAGO | BELL, DEWAIN & ALICE SPINKS |
| 121 N LASALLE | **ATTORNEY** |
| CHICAGO, IL 60602 | DONALD K BIRNER |
| | 2613 MAYFLOWER DR |
| | PEKIN, IL 61554 |

**ATTACHED FEE AMOUNT:**                                      (312) 782-8643
**SERVICE INFORMATION:**      RTN 9-5 RM 3/801          (309) 347-7058 ALM

I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

_____ **(1) PERSONAL SERVICE:**
BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING
DEFENDANT/RESPONDENT OF CONTENTS.

_____ **(2) SUBSTITUTE SERVICE:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR
PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A
COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF
_____ 20____

_____ **(3) UNKNOWN OCCUPANTS:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR
UPWARDS OCCUPYING SAID PREMISE.

__X__ **(4) CORP/CO/BUS/PART:**
BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS,
CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT
CORPORATION __X__ COMPANY ____ BUSINESS ____ PARTNERSHIP ____

_____ **(5) PROPERTY RECOVERED:**
NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

_____ **(6) S.O.S./D.O.I.:**
BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF
ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF
COOK.

_____ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

_____ **(8)**      AND BY MAILING ON THE _____ DAY OF _____ 20____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION
SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2)
BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| _____ (01) NO CONTACT | _____ (05) WRONG ADDRESS | _____ (09) DECEASED |
|---|---|---|
| _____ (02) MOVED | _____ (06) NO SUCH ADDRESS | _____ (10) NO REGISTERED AGENT |
| _____ (03) EMPTY LOT | _____ (07) EMPLOYER REFUSAL | _____ (11) OUT OF COOK COUNTY |
| _____ (04) NOT LISTED | _____ (08) CANCELLED BY PLAINTIFF ATTY. | _____ (12) OTHER REASON (EXPLAIN) |

EXPLANATION: _____

| | | ATTEMPTED SERVICES | | |
|---|---|---|---|---|
| | | DATE | TIME (AM/PM) | STAR # |
| WRIT SERVED ON: _Nancy Nibminski RP_ | | | 7.00A | 10061 |
| SEX: M (F)   RACE: _W_   AGE: _60_ | | | : | |
| THIS _25_ DAY OF _Aug_ , 20_14_ | | | : | |
| Thomas J. Dart | | | : | |
| SHERIFF, BY: _signature #10061_   DEPUTY | | | : | |

**M. PALOMINO**

**#10061**

DST421