IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dawain Bell and Alice Spinks,<br>on behalf of themselves and all others<br>similarly situated,<br><br>                         Plaintiffs<br><br>          v.<br><br>The City of Chicago,<br><br>                         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 14 cv 7382<br>) Hon. Gary Feinerman<br>)<br>)<br>)<br>) |

**DEFENDANT'S FED. R. CIV. P. 12(b)(6)**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant City of Chicago ("Defendant" or the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' Complaint for Damages, Declaratory and Other Relief ("Complaint") on the following grounds:

1. Count I fails as a matter of law because sections 7-24-225 and 2-14-132 of the Municipal Code of Chicago (collectively the "Impoundment Ordinance") do not facially violate the Fourth Amendment to the United States Constitution or article I, section 6 of the Illinois Constitution.

2. Counts II through VI fail as a matter of law because neither the Illinois Constitution nor any of the Illinois statutes or court rules identified by Plaintiff create a right to a jury trial in proceedings pursuant to the Impoundment Ordinance.

3. Counts VII and VIII fail as a matter of law because use of administrative proceedings to adjudicate ordinance violations is not prohibited by the Illinois Constitution.

4.      Count IX fails as a matter of law because the Impoundment Ordinance does not facially violate the double jeopardy provisions of the United States Constitution or Illinois Constitution, nor is it prohibited by the provision of the Illinois Criminal Code which prohibits multiple prosecutions for the same offense.

5.      Count X fails as a matter of law because Plaintiffs fail to state a claim that the Impoundment Ordinance facially violates their right to substantive due process under either the United States Constitution or Illinois Constitution.

6.      Counts XI through XIV fail to state claims under various state law theories because each of these claims depends entirely on Plaintiffs' theory that the Impoundment Ordinance is unconstitutional.

Accordingly, for these reasons, which are set forth in detail in Defendant's accompanying memorandum of law, Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

                Respectfully Submitted,

                STEPHEN R. PATTON
                Corporation Counsel
                City of Chicago

BY:   /s/ Grant Ullrich

Mardell Nereim
Rebecca Alfert Hirsch
Grant Ullrich
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle Street, Suite 1230
Chicago, IL 60602
(312)742-0260

Dated: October 30, 2014

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendant, hereby certifies that on October 30, 2014, he served a copy of the foregoing **Defendant's Memorandum of Law in Support of Its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' Complaint** on counsel listed below via ECF:

Donald K. Birner    d.birner@comcast.net

John S. Bishof, Jr.    jsbishof@jsblegal.com

/s/ Grant Ullrich