IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dawain Bell and Alice Spinks, )<br>on behalf of themselves and all others )<br>similarly situated, )<br>)<br>                        Plaintiffs, )<br>)<br>            v. )<br>The City of Chicago, )<br>)<br>                        Defendant. ) | Case No. 14 cv 7382<br>Hon. Gary Feinerman |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant City of Chicago ("Defendant" or the "City"), by its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby files its reply in support of its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' Complaint for Damages, Declaratory and Other Relief ("Complaint" or "Compl.").

**INTRODUCTION**

As the City explained in its motion to dismiss and accompanying memorandum of law, while Plaintiffs explicitly asserted a Fourth Amendment claim in Count I, it was unclear whether Plaintiffs also intended to assert federal claims in Count IV (double-jeopardy) or Count X (substantive due process). At the December 11, 2014, status hearing, the Court stated that it would only address Plaintiffs' federal claims at this juncture, and therefore instructed Plaintiffs to respond to the City's motion solely with respect to the federal claims they were asserting. *See* 12/11/2014 Minute Order, Dkt # 33.

Plaintiffs' Response does not specifically identify the federal claims they intend to assert in their Complaint, but it appears limited to their Fourth Amendment claim in Count I and,

therefore, the City replies only to that claim. Moreover, while Plaintiffs' lengthy response spends numerous pages discussing the history and purpose of the Fourth Amendment, it devotes only a few pages to actually addressing the City's arguments. Because Plaintiffs' response does nothing to overcome the legal insufficiencies of their Fourth Amendment claim and, because the Impoundment Ordinance is not facially unconstitutional, the Court should dismiss this claim with prejudice.

## ARGUMENT

As set forth clearly in the City's memorandum, the Impoundment Ordinance does not facially violate the Fourth Amendment. Plaintiffs' responses to the City's specific arguments on this issue are either inaccurate or inapposite, and can be easily addressed and dismissed.

### A. The Impoundment Ordinance authorizes the seizure of vehicles, not the arrest of persons.

First, Plaintiffs contend that the Impoundment Ordinance authorizes arrests. Plfs.' Resp. at 18. This is both untrue and irrelevant. The Impoundment Ordinance provides that "[t]he *owner of record* of any motor vehicle that contains any controlled substance or cannabis . . . or that is used in the purchase, attempt to purchase, sale or attempt to sell such controlled substances or cannabis shall be liable to the city for an *administrative penalty*" (not arrest) and the vehicle is subject to impoundment. MCC § 7-24-225(a) (emphasis added). Plaintiffs do not allege that they were ever arrested pursuant to the Impoundment Ordinance, nor could they.[1] Bell did not own the vehicle, so he was not even subject to a monetary penalty under the Ordinance, and Spinks does not allege she was ever arrested.

---

[1] Both temporary investigative detentions and full custodial arrests are "seizures" within the meaning of the Fourth Amendment, but they are governed by different standards. A temporary investigative detention may be initiated on the basis of reasonable suspicion while a custodial arrest requires probable cause. *Florida v. Royer*, 460 U.S. 491, 498-99 (1983). During an investigative detention, an officer may see evidence in plain view that leads to an arrest (or seizure) on grounds wholly unrelated to the initial basis for the detention. *See Whren v. U.S.*, 517 U.S. 806, 812 (1996).

Because Bell was in possession of cocaine, he was arrested, prosecuted, and convicted under the Illinois statute proscribing the unlawful possession of controlled substances, 720 ILCS 570/402. *See* Record of Cook Cnty., Ill., Cir. Ct. Case 12CR18215, Dkt # 18-2. The impoundment of Spinks's vehicle, pursuant to the Impoundment Ordinance, is wholly distinct from Bell's concurrent arrest pursuant to state statute. The arrest required probable cause to believe that Bell knowingly possessed a controlled substance; the seizure only required probable cause to believe a controlled substance was present inside the vehicle. *Compare* 720 ILCS 570/402, *with* MCC § 7-24-225(a).

B. **Warrantless seizures of contraband vehicles pursuant to the Impoundment Ordinance are constitutionally reasonable.**

Plaintiffs' overarching argument is that seizures pursuant to the Impoundment Ordinance are unconstitutional because they are conducted without warrants. Plfs.' Resp. at 13-14. This is clearly wrong. It is well established that no warrant is required for a police officer to seize a vehicle in a public place when the officer has probable cause to believe that vehicle is or contains contraband. *Florida v. White*, 526 U.S. 559, 564-65 (1999); *Carroll v. United States*, 267 U.S. 132, 155-56 (1925). In *White*, the Supreme Court explained that at the time the Fourth Amendment was adopted, federal statutes "authorized the warrantless seizure of both goods subject to duties *and* the ships upon which those goods were concealed," indicating that this type of warrantless seizure is reasonable under the Fourth Amendment. *Id.* at 565. Thus the warrantless seizure of vehicles used to facilitate crimes is a clear and longstanding exception to the warrant requirement. *Id.* That is precisely what the Impoundment Ordinance authorizes— seizures of vehicles which the police have probable cause to believe are instrumentalities of crime. *See* Def. Mem. at 5.

      **C.**      **The Impoundment Ordinance complies with constitutional post-deprivation requirements for warrantless seizure of *property*.**

In the alternative, Plaintiffs contend that the Fourth Amendment requires the in-the-field probable cause determination underlying any warrantless seizure of property to be promptly reviewed by a "detached and neutral magistrate." This is also wrong. While the Fourth Amendment has been held to require that the detention (custodial arrest) of a *person* initially seized without a warrant requires a prompt post-arrest review of probable cause by a neutral magistrate, *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), the detention of *property* initially seized without a warrant is analyzed using due process principles, *U.S. v. James Daniel Wood Real Property*, 510 U.S. 43, 50 (1993), *Booker v. City of St. Paul*, 2013 WL 4015352 at *10-12 (D. Minn., Aug. 6, 2013). This is so because with respect to property, a Fourth Amendment seizure is "'a single act, and not a continuous fact,'" and due process provides the better framework for analyzing deprivations of property. *Lee v. City of Chicago*, 330 F.3d 456, 463 (quoting *Thompson v. Whitman*, 85 U.S. 457, 471 (1873)).

The Impoundment Ordinance has been repeatedly found to satisfy procedural due process principles. *Holstein v. City of Chicago*, 29 F.3d 1145, 1148 (7th Cir. 1994); *Towers v. City of Chicago*, 979 F. Supp. 708, 714-16 (N.D. Ill. 1997) *aff'd* 173 F.3d 619 (7th Cir. 1999).

      **D.**      **The Impoundment Ordinance also satisfies the novel and unfounded "Fourth Amendment" test proposed by Plaintiffs.**

Assuming, *arguendo*, that Plaintiffs' novel, heightened "Fourth Amendment" post-seizure hearing requirements were even applicable, the Impoundment Ordinance would satisfy them because the City's hearing officers qualify as "detached and neutral magistrates." Plaintiffs vehemently assert that, if the initial warrantless seizure is not itself constitutionally unreasonable, the post-seizure review by an administrative hearing officer, instead of a judge, violates the

Fourth Amendment. Plfs. Resp. at 3-4, 12-16, 17-18, 20. As discussed above, the Fourth Amendment's requirement that a warrantless *arrest* be promptly reviewed by a "detached and neutral magistrate" does not apply to warrantless seizures of property. *See supra* Part C. Even if it did, the Supreme Court has explicitly held that a "magistrate" need not be a judge or a lawyer. *Shadwick v. City of Tampa*, 407 U.S. 345, 349 (1972). In *Shadwick*, the Court laid out a two-part test to evaluate who may issue warrants or review probable cause: first, the person must be "neutral," e.g., "disengage[ed] from activities of law enforcement;" second, the person must have "capacity to determine probable cause" with respect to the violation at issue. *Id.* at 350-52.

The City's administrative hearing officers are neutral and detached because they serve under the Director of the Department of Administrative Hearings—a department separate from those that enforce ordinances, such as the police department. *See Van Harken v. City of Chicago*, 713 N.E. 2d 754, 760 (Ill. App. Ct. 1999); MCC § 2-14-010 through -050. All decisions by hearing officers are ultimately subject to review by a circuit court judge. *Van Harken*, 713 N.E. 2d at 759. Accordingly, the City's hearing officers are at least as detached from the police and prosecutors as the municipal court clerks, appointed and employed by a city clerk, that were found to be appropriate magistrates in *Shadwick*. *See* 407 U.S. at 346. That the City's hearing officers are paid by the City, Plfs.' Resp. at 14-15, is of no moment. The municipal court clerks in *Shadwick* were employees of the City and "most [judges] depend for their salary level upon the legislative branch." 407 U.S. at 351.

The City's hearing officers are also capable of determining probable cause with respect to the "common offenses covered by a municipal code."[2] *Shadwick*, 407 U.S. at 351. In *Shadwick*,

---

[2] They also have *authority* to make such a determination. MCC § 2-14-132(1). And there are no prohibitions – whether in the U.S. Constitution, Illinois constitution, or state laws – preventing a hearing officer from determining the threshold issue of probable cause or ultimate liability under the Impoundment Ordinance.

5

the Supreme Court recognized that any reasonable layperson is capable of reviewing probable cause with respect to routine ordinance violations, especially since more difficult questions of probable cause are regularly put to grand juries. 407 U.S. at 351-52. The City's hearing officers are all lawyers, with at least three years of experience, who have also completed a formal training program for hearing officers. *Van Harken*, 713 N.E. 2d at 760. This easily satisfies the capacity requirement.

> E. **Defendant does not contest that a Fourth Amendment seizure occurred.**

Plaintiffs next contend that the City has somehow argued that there was no seizure, or that the impoundment was simply "an inventory search incident to an arrest" (Plfs.' Resp. at 18-19), which is analyzed differently. But the City has conceded from the beginning that the police seized the vehicle pursuant to MCC § 7-24-225, as distinct from an inventory search. Nor has the City argued that Fourth Amendment protections do not apply to this type of seizure. Rather, the City has argued, and shown, that the Impoundment Ordinance, on its face, satisfies Fourth Amendment standards by requiring the police officer to have probable cause to believe that the vehicle contains a controlled substance before that vehicle may be seized and impounded. *See* MCC §§ 7-24-225, 2-14-132. Thus, because "the Impoundment Ordinance requires a police officer to make a probable cause determination prior to seizure, we conclude that the Impoundment Ordinance does not on its face violate the Fourth Amendment." *Rush v. Superintendent of Police*, No. 93-1675, 1994 WL 114847, at *4 (N.D. Ill. April 4, 1994).

> F. **Whether the proceeding is characterized as civil or criminal is irrelevant to Plaintiffs' federal claims.**

Plaintiff next responds by arguing that the City's distinction between civil and criminal proceedings is "irrelevant" because the Fourth Amendment applies to civil proceedings. Plfs.' Resp. at 19. But the City did not draw the distinction between civil and criminal proceedings

6

with respect to Plaintiffs' Fourth Amendment claim. Rather, the City showed that the Impoundment Ordinance is civil in nature (*see Towers*, 979 F. Supp. at 718-719), to explain why Plaintiffs' reliance on the statutory right to a jury trial provided by the Illinois Code of Criminal Procedure to assert its state law claim in Count II was unfounded. *See* Def.'s Mem., Dkt # 18, at 8-9. Plaintiffs appear to concede in their response that the Impoundment Ordinance is civil, while still arguing that the criminal rules should apply. Plfs.' Resp. at 17. Nevertheless, the Court need not address this issue at this time because it does not relate to Count I, Plaintiffs' sole federal claim.

### G. Nothing in the Impoundment Ordinance prohibits a vehicle owner from introducing evidence of a circuit court probable cause determination in the Department of Administrative Hearings.

Finally, Plaintiffs complain that when, as was the case here, a vehicle is impounded and one of the vehicle's occupants is arrested based on similar determinations of probable cause, the determinations will be reviewed in different fora. Plfs.' Resp. at 21. Plaintiffs fail to explain how this implicates the Fourth Amendment. Further, while it is true that probable cause for Bell's arrest under 720 ILCS 570/402(c) was before the circuit court in Bell's criminal case, there is no ordinance or rule that would have prevented Spinks from presenting evidence of a probable cause ruling by the circuit court in Bell's criminal arraignment at her administrative probable cause hearing. In any event, as Bell was ultimately convicted, presumably there was no favorable circuit court ruling that Spinks could have presented.

### **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss Plaintiffs' federal claims with prejudice.

        Respectfully Submitted,

        STEPHEN R. PATTON
        Corporation Counsel
        City of Chicago

BY:   /s/ Grant Ullrich

Mardell Nereim
Rebecca Alfert Hirsch
Grant E. Ullrich
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle Street, Suite 1230
Chicago, IL 60602
(312)742-0260 / (312) 744-7864

Dated: January 14, 2015

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendant, hereby certifies that on October 30, 2014, she served a copy of the foregoing **Defendant's Reply in Support of Its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' Complaint** on counsel listed below via ECF:

Donald Kent Birner
2613 Mayflower Drive
Pekin, Illinois 61554
(309) 347-7058

John S. Bishof, Jr.
Law Offices of John Bishof, P.C.
101 N. Wacker Drive
Suite 200
Chicago, Illinois 60606

        /s/ Grant Ullrich