UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWAIN BELL and ALICE SPINKS, on behalf of themselves and others similarly situated, | ) ) ) 14 C 7382 |
| Plaintiffs, | ) ) ) Judge Feinerman |
| vs. | ) ) |
| CITY OF CHICAGO, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Dawain Bell and Alice Spinks brought this putative class action in the Circuit Court of Cook County, Illinois, against the City of Chicago, alleging that its impoundment ordinance is facially invalid under the Fourth Amendment and Illinois law. Docs. 1-1, 43. After removing the suit from state court, Doc. 1, Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint, Doc. 17. During briefing, Plaintiffs filed an amended Fourth Amendment claim, Doc. 43, and the motion to dismiss was deemed to be directed at the complaint as amended, Doc. 42. For the following reasons, the Fourth Amendment claim is dismissed with prejudice and the state law claims are remanded to state court.

**Background**

On a Rule 12(b)(6) motion, the court must accept as true the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Plaintiffs' favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional

1

facts are "consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Plaintiffs as those materials allow. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).

On September 4, 2012, Bell was arrested for possession of a controlled substance. At the time of his arrest, Bell was driving Spinks's car, which was impounded pursuant to Chicago Municipal Code ("MCC") § 2-14-132. Doc. 1-1 at pp. 19-20, 57-61. Spinks challenged the impoundment. At a hearing on September 6, 2012, an administrative law judge ("ALJ") found probable cause that Spinks's vehicle contained unlawful drugs in violation of MCC § 7-24-225—one of the impoundment ordinance's predicate offenses—and assessed a $2,000 penalty and $180 in fees. Doc. 1-1 at p. 60. The ALJ's order stated that Spinks had 35 days to appeal the order to the Circuit Court of Cook County. *Ibid*. At a full contested hearing on October 2, 2012, an ALJ entered an order finding a violation of § 7-24-225 and assessed the same penalty and fees. Doc. 18-1. That order again noted Spinks's right to appeal to the Circuit Court of Cook County. *Ibid*. Nothing in the record indicates that Spinks availed herself of that right.

In the meantime, Bell was charged in state court under 720 ILCS 570/402(c) with cocaine possession. Doc. 18-2 at 1-3. He was convicted and sentenced to eighteen months' probation. *Id*. at 4-5.

## Discussion

Plaintiffs' sole federal claim alleges that the impoundment ordinance facially violates the Fourth Amendment. Docs. 1-1, 43 (where the only federal claim in the complaint, as amended, arises under the Fourth Amendment); Doc. 42 (noting that at the February 17, 2015 hearing, "Plaintiffs confirmed that their only federal claim lies under the Fourth Amendment.").

Although "facial challenges under the Fourth Amendment are not categorically barred or especially disfavored," such challenges are "the most difficult … to mount successfully." *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2449 (2015) (ellipses in original, internal quotation marks omitted). A facial challenge can succeed only if the plaintiff shows that "a law is unconstitutional in all of its applications," with "the proper focus of the constitutional inquiry [being] searches [and seizures] that the law actually authorizes, not those for which it is irrelevant." *Id*. at 2451 (internal quotation marks omitted). Put another way, the pertinent inquiry does not consider circumstances where the search or seizure is independently authorized by a component of or exception to the Fourth Amendment—such as a warrant, an exigency, or a person's consent—but instead considers only those circumstances where the challenged law itself provides the sole authorization. *Ibid*.

Plaintiffs allege that the ordinance violates the Fourth Amendment's warrant requirement by permitting "warrantless arrests, searches and seizures in *all* impoundments" and by permitting "*all* arrests, searches and seizures to be conducted outside the judicial process and without arrest or search warrants issued by the court." Doc. 43 at ¶¶ 43, 45. The allegation has no possible merit with respect to arrests, as the ordinance says nothing about arrests and thus does not authorize the arrest of any person. The ordinance does authorize certain warrantless seizures, so the court must examine whether, in so doing, it violates the Fourth Amendment.

The ordinance sets forth procedures for seizing and impounding a vehicle involved in various "status-related" and "use-related" offenses. *See* MCC § 2-14-132(1). Each enumerated offense requires a police officer or other authorized agent to have probable cause before causing a vehicle to be seized and impounded. *See* MCC §§ 3-46-076, 3-56-155, 4-68-195, 7-24-225, 7-24-226, 7-28-390, 7-28-440, 7-38-115(c-5), 8-4-130, 8-8-060, 8-20-070, 9-12-090, 9-32-040, 9-

76-145, 9-80-220, 9-80-225, 9-80-240, 9-92-035, 9-110-180(b), 9-112-640, 9-114-420, 9-115-240, 10-8-480(c), 11-4-1410, 11-4-1500, 15-20-270.  For example, the use-related offense for which Spinks's car was impounded provides that "[w]henever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment" because the vehicle "contains any controlled substance or cannabis … or that is used in the purchase, attempt to purchase, sale or attempt to sell such controlled or cannabis," the vehicle "shall be subject to seizure and impoundment pursuant to this section."  MCC § 7-24-225.

Plaintiffs are correct that certain warrantless seizures violate the Fourth Amendment. Doc. 34 at 22.  But they forget that a warrantless vehicle seizure and search does not violate the Fourth Amendment if the officer has probable cause to believe that the vehicle is being used to conduct illegal activity.  *See Florida v. White*, 526 U.S. 559, 564-66 (1999) (approving the warrantless seizure of an automobile from public property where the police had probable cause to believe that the automobile was contraband under Florida law); *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352-53 (1977) (finding no Fourth Amendment violation where there was probable cause that vehicles seized without a warrant were properly subject to seizure to satisfy a tax lien); *Carroll v. United States*, 267 U.S. 132, 155-56 (1925) (approving the warrantless search of an automobile where the officer has "reasonable or probable cause for believing" that it contained contraband that was being transported illegally); *United States v. Richards*, 719 F.3d 746, 754 (7th Cir. 2013) ("Cars … are exempted from the warrant requirement provided officers have probable cause to believe the car contains contraband."); *United States v. McGuire*, 957 F.2d 310, 314 (7th Cir. 1992) ("[A] car may be searched without a warrant if there is probable cause to believe that the car contains contraband or evidence.").  Thus, because each status- and use-related offense to which the impoundment ordinance applies requires probable cause before

4

an impoundment may occur, the ordinance by its terms aligns completely with governing precedent and therefore complies with the Fourth Amendment. Put another way, for purposes of its initial authorization of an impoundment, the ordinance does not operate outside the scope of the existing Fourth Amendment doctrine, and therefore cannot be understood to violate the Fourth Amendment. *See Rush v. Superintendent of Police*, 1994 WL 114847, at *4 (N.D. Ill. 1994) ("Because the Impoundment Ordinance requires a police officer to make a probable cause determination prior to seizure, we conclude that the Impoundment Ordinance does not on its face violate the Fourth Amendment.") (dismissing a Fourth Amendment facial challenge to an impoundment ordinance directed at taxicabs).

Plaintiffs also challenge the ordinance's post-seizure procedures, complaining that they violate the Fourth Amendment by "unlawfully vesting the City's hearing officer with judicial power to determine probable cause for warrantless arrest and seizure of the property." Doc. 43 at ¶ 49. The ordinance provides a detailed set of procedures by which an owner can contest the validity of her vehicle's impoundment. If an owner contests an impoundment and requests a hearing, an ALJ conducts the hearing to determine whether probable cause supported the seizure. *See* MCC § 2-14-132(1). If the ALJ determines there was no probable cause, the owner can retrieve her vehicle without penalty or cost. *See ibid*. If, however, the ALJ determines that there was probable cause, the owner must pay an administrative penalty, as well as towing and storage costs, to retrieve her vehicle. *See ibid*.; MCC § 7-24-225(a).

Plaintiffs contend that ALJs are not "detached, neutral magistrates" qualified under the Fourth Amendment to perform this "judicial function." Doc. 1-1 at ¶ 49; Doc. 34 at 13, 23-26, Doc. 43 at ¶ 49. In so arguing, Plaintiffs do not cite, and the court's own research was unable to find, any case law supporting the proposition that the Fourth Amendment requires a non-ALJ

5

judicial officer to make a probable cause determination after the initial seizure of a vehicle. The problem with Plaintiff's argument is actually deeper, for as the Seventh Circuit has explained, the Fourth Amendment does not even speak to the validity of the government's continued possession of property following its seizure:

> Once an individual has been meaningfully dispossessed, the seizure of the property is complete, and once justified by probable cause, that seizure is reasonable. The [fourth] amendment then cannot be invoked by the dispossessed owner to regain his property. The search [of the plaintiff's car] was completed after ten days. Conditioning the car's release upon payment of towing and storage fees after the search was completed neither continued the initial seizure nor began another.

*Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003). Because the seizure of Spinks's car was complete when it was towed and impounded, the duration of the impoundment and the procedure for retrieving the vehicle does not implicate the Fourth Amendment.

It is the Due Process Clause, not the Fourth Amendment, that regulates the government's continued retention of seized property. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 51-52 (1993) (rejecting the proposition "that the Fourth Amendment is the beginning and end of the constitutional inquiry whenever a seizure occurs," and stating that when the government asserts "ownership and control" over property, its conduct must comport with due process); *Towers v. City of Chicago*, 173 F.3d 619, 626-29 (7th Cir. 1999) (applying a due process analysis to evaluate MCC § 7-24-255, the use-related offense for which Spinks's vehicle was towed and impounded); *Sutton v. City of Milwaukee*, 672 F.2d 644, 645 (7th Cir. 1982) (recognizing a property interest in one's vehicle and stating that "the state may not deprive him of it without due process of law"); *Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009) ("A complaint of continued retention of legally seized property raises an issue of procedural due process."). By not arguing that the use of ALJs to conduct a post-impoundment hearing violates the Due Process Clause, however, Plaintiffs have forfeited any due process claim. *See G & S*

6

*Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("[T]he forfeiture doctrine applies not only to a litigant's failure to raise a general argument … but also to a litigant's failure to advance a specific point in support of a general argument …."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted).

In any event, even putting aside forfeiture, although Plaintiffs insinuate that the ALJs are biased in the City's favor, Doc. 44 at 4-5, they provide no basis to "overcom[e] the well-established presumption of honesty and integrity in those serving as adjudicators." *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 716 (7th Cir. 2000) ("Amundsen's bald accusation is based solely on the fact that the hearing officer was employed by the Park District, which of itself is insufficient to establish actual bias.") (internal quotation marks omitted); *see also Felder v. City of Chicago*, 2009 WL 742774, at *4 (N.D. Ill. Mar. 19, 2009) (relying on *Amundsen* to reject a similar challenge to the impartiality of ALJs handling impoundment cases for the City of Chicago). Courts have consistently and routinely rejected similar challenges to the propriety of ALJs adjudicating like matters. *See*, *e.g.*, *Christian v. City of Springfield*, 2015 IL App (4th) 140587-U, ¶¶ 28-33, 2015 WL 1612165, at *4-5 (Apr. 10, 2015) (rejecting the claim that a hearing officer was not a "detached, neutral magistrate," and therefore lacked authority under the

Fourth Amendment, to determine whether a vehicle impoundment was supported by probable cause); *People v. Jaudon*, 718 N.E.2d 647, 656 (Ill. App. 1999) (rejecting a substantive due process challenge to Chicago Municipal Code provisions permitting the impoundment of vehicles containing an unregistered firearm and empowering administrative hearing officers to adjudicate challenges to such impoundments). It bears mention that the Chicago Municipal Code provides for judicial review of the ALJ's decisions under the impoundment ordinance. *See* MCC § 2-14-102 ("Any final decision by the department of administrative hearings that a code violation does or does not exist shall constitute a final determination for purposes of judicial review and shall be subject to review under the Illinois Administrative Review Law."); Doc. 1-1 at 60 (initial ALJ order) (noting that "[t]his Order may be appealed to the Circuit Court of Cook Co. (Daley Center 6 Fl.) within 35 days by filing a civil law suit"); Doc. 18-1 (subsequent ALJ order) (same). So the ultimate decision regarding whether probable cause exists to believe that the vehicle was used in the commission an enumerated offense lies with the judiciary. *See Christian*, 2015 WL 1612165, at *6; *Van Harken v. City of Chicago*, 713 N.E.2d 754, 759-60 (Ill. App. 1999) (in rejecting a challenge to Chicago Municipal Code provisions permitting administrative hearing officers to determine parking ticket liability, noting that the officers' decisions were subject to judicial review). Plaintiffs do not and could not explain how the ordinance's scheme, particularly with its judicial backstop, violates the federal Constitution.

For these reasons, Plaintiffs' Fourth Amendment claim fails on the merits. Because the claim's flaws cannot be cured by repleading, it is dismissed with prejudice. *See Gonzalez-Koeneke v. West*, __ F.3d __, 2015 WL 3989130, at *4-5 (7th Cir. July 1, 2015) ("District courts … have broad discretion to deny leave to amend where … the amendment would be futile.")

(internal quotation marks omitted). With the sole federal claims dismissed, the court exercises its direction to relinquish jurisdiction over the state law claims.

Section 1367(c)(3) of Title 28 provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pend[e]nt state claims." *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir.2007). This general rule has three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Ibid*. None of the exceptions apply here. Plaintiffs will not have to refile their state law claims, as those claims, having arrived in federal court via removal, will be remanded to state court. Substantial federal judicial resources have not yet been committed to the state law claims. And it is not clearly apparent how the various state constitutional and statutory claims should be decided. This is so even for Plaintiffs' claim under the Illinois constitution's analog to the Fourth Amendment, as "there may be instances where the meaning of [the Illinois] search and seizure clause differs from that of the federal constitution." *People v. Gaytan*, 32 N.E.3d 641, 653 (Ill. 2015) (citing *People v. Caballes*, 851 N.E.2d 26, 39-45 (Ill. 2006)). It follows that relinquishing jurisdiction over the state law claims is the appropriate course under § 1367(c)(3). *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-80 (7th Cir. 2012); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994).

**Conclusion**

The City's motion to dismiss is granted in part (as to the federal claim) and denied without prejudice in part (as to the state law claims). Plaintiffs' Fourth Amendment claim is dismissed with prejudice. The court relinquishes jurisdiction over the state law claims and remands them to the Circuit Court of Cook County.

**July 30, 2015**

_____
United States District Judge