## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Dawain Bell and Alice Spinks | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 14 cv 7382 |
| | ) | Hon. Gary Feinerman |
| | ) | |
| The City of Chicago, a municipal corporation, | ) | |
| | ) | |
| Defendant | ) | |

### <u>NOTICE OF APPEAL</u>

Notice is hereby given that Dawain Bell and Alice Spinks plaintiffs on behalf of

themselves and all others similarly situated hereby appeal to the United States Court of Appeals

for the Seventh Circuit from the final order and judgment entered by the district court in this

action on July 30, 2015, [D.E 56, 57 & 58] granting  defendant's motion to dismiss  all plaintiffs

claims brought under federal law.

Respectfully submitted by:


<u>/s/ Donald K. Birner</u>
 Donald K. Birner
 Law Office of Donald K. Birner
 2613 Mayflower Dr.
 Pekin, Il. 61665
 309.347.7058
 d.birner@comcast.net

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney for the Plaintiffs hereby certifies that I electronically filed the

foregoing **Notice of Appeal**, with the clerk of the court and served upon counsel of record for the

Defendant using the CM/ECF system on August 26th , 2015

By: <u>/s/ Donald K. Birner</u>
Donald K. Birner

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Dawain Bell and Alice Spinks<br>on behalf of themselves and all others<br>similarly situated, | ) <br> ) <br> ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 14 cv 7382 |
| | ) | Hon. Gary Feinerman |
| | ) | |
| The City of Chicago, a municipal corporation, | ) | |
| | ) | |
| Defendant | ) | |

## <u>NOTICE OF FILING</u>

To:   Mardell Nereim
      Rebecca Alfert Hirswch
      Grant E. Ullrich
      Assistant Corporation Counsel
      City of Chicago, Department of Law
      Constitutional and Commercial Litigation division
      30 North. LaSalle Street, Suite 1230
      the Chicago, Illinois. 60602

        Please take notice that on August 26, 2015 I have filed with the clerk of the United States

District Court for the Northern District of Illinois, the attached **Notice of appeal and Docketing**

**Statement.**

                                          Respectfully submitted by:

                                          /s/ Donald K. Birner
                                          Donald K. Birner
                                          Law Office of Donald K. Birner
                                          2613 Mayflower Dr.
                                          Pekin, Il. 61665
                                          309.347.7058
                                          d.birner@comcast.net

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney for the Plaintiffs hereby certifies that I electronically filed the

foregoing **Notice of Filing**, with the clerk of the court and served upon counsel of record for the

Defendant using the CM/ECF system on August 26th , 2015

By: <u>/s/ Donald K. Birner</u>
Donald K. Birner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Dawain Bell and Alice Spinks on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 14 cv 7382 Hon. Gary Feinerman |
| The City of Chicago, a municipal corporation, | ) ) ) | |
| Defendant | ) ) | |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Dewayne Bell and Alice Spinks plaintiffs on behalf of themselves and all others similarly situated hereby appeal to the United States Court of Appeals for the Seventh Circuit from the final order and judgment entered by the district court in this action on July 30, 2015, [D.E 56, 57 & 58] granting defendant's motion to dismiss all plaintiffs claims brought under federal law.

Respectfully submitted by:


/s/ Donald K. Birner
Donald K. Birner
Law Office of Donald K. Birner
2613 Mayflower Dr.
Pekin, Il. 61665
309.347.7058
d.birner@comcast.net

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney for the Plaintiffs hereby certifies that I electronically filed the foregoing **Notice of Appeal**, with the clerk of the court and served upon counsel of record for the Defendant using the CM/ECF system on August 26th , 2015

By: <u>/s/ Donald K. Birner</u>
Donald K. Birner

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Dawain Bell and Alic Spinks<br>on behalf of themselves and all others<br>similarly situated,<br><div align="right">Plaintiffs</div><br><div align="center">v.</div><br><br>The City of Chicago, a municipal corporation,<br><div align="right">Defendant</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 14 cv 7382<br>)     Hon. Gary Feinerman |

## DOCKETING STATEMENT

This action was brought against one Defendant, the City of Chicago was initially filed by Plaintiffs in Cook County Circuit Court case No. 14 L 050589 entitled Dawain Bell and Alice Spinks v. The City of Chicago, which was removed by the City to this court pursuant to 28 U.S.C §§ 1441 and 1446 based on federal question jurisdiction specifically Count I of the complaint. Notice of removal D.E 1

The case arises from the arrest of Plaintiff Bell for using a vehicle, owned by his mother, to commit a 'use related' offense prohibited by the City's Impoundment Ordinance §2-14-101 et. seq. which imposed a fine of $2,000.00 plus towing and storage costs against the owner of the vehicle.

The Complaint filed in Cook County consisted of 24 counts. Only Amended Count I: a Fourth Amendment constitutional facial challenge to the City's Impoundment Ordinance based upon the premise, that the challenged Ordinance authorizes warrantless seizures of the

<div align="center">1</div>

operator and the vehicle in all instances and further that the City's hearing office lacks subject matter jurisdiction to render Fourth Amendment 'probable cause' determinations either of one of which renders the ordinance null and void ab initio. There are no questions of fact presented for review.

Defendant filed its motion to dismiss as a matter of law said amended Count I of the complaint. Count I of the Amended Complaint, is the only Count, brought before the court below and ruled upon substantively by the District Court and relevant to this appeal.

On July 30, 2015 the District Court entered its final judgment granting defendant's Motion to Dismiss Count I of the Complaint with prejudice disposing of Plaintiffs' only claim or right under 28 U.S.C § 1331. The District Court remanded the remaining counts to state court. [D.E 58]

Jurisdiction in the United States Circuit Court of Appeals for the Seventh Circuit is founded on 28 U.S.C. §1291

On August 26, 2015 the plaintiff-appellants timely filed their notice of appeal with the Clerk of the United States District Court for the Northern District of Illinois.

Respectfully submitted by:

/s/ Donald K. Birner
Donald K. Birner
Law Office of Donald K. Birner
2613 Mayflower Dr.
Pekin, Il. 61665
309.347.7058
d.birner@comcast.net

2

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned attorney for the Plaintiffs hereby certifies that he electronically filed the foregoing Docketing Statement, with the clerk of the court and served upon counsel of record for the the Defendant using the CM/ECF system on August 26, 2015

<div align="right">

By: /s/ Donald K. Birner
Donald K. Birner

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dawain Bell and Alic Spinks | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 14 cv 7382 |
| | ) | Hon. Gary Feinerman |
| | ) | |
| The City of Chicago, a municipal corporation, | ) | |
| | ) | |
| Defendant | ) | |

## DOCKETING STATEMENT

This action was brought against one Defendant, the City of Chicago was initially filed by

Plaintiffs in Cook County Circuit Court case No. 14 L 050589 entitled Dawain Bell and Alice

Spinks v. The City of Chicago, which was removed by the City to this court pursuant to 28

U.S.C §§ 1441 and 1446 based on federal question jurisdiction specifically Count I of the

complaint. Notice of removal D.E 1

The case arises from the arrest of Plaintiff Bell for using a vehicle, owned by his mother,

to commit a 'use related' offense prohibited by the City's Impoundment Ordinance §2-14-101 et.

seq. which imposed a fine of $2,000.00 plus towing and storage costs against the owner of the

vehicle.

The Complaint filed in Cook County consisted of 24 counts. Only Amended Count I:

a Fourth Amendment constitutional facial challenge to the City's Impoundment Ordinance

based upon the premise, that the challenged Ordinance authorizes warrantless seizures of the

1

operator and the vehicle in all instances and further that the City's hearing office lacks subject matter jurisdiction to render Fourth Amendment 'probable cause' determinations either of one of which renders the ordinance null and void ab initio. There are no questions of fact presented for review.

Defendant filed its motion to dismiss as a matter of law said amended Count I of the complaint. Count I of the Amended Complaint, is the only Count, brought before the court below and ruled upon substantively by the District Court and relevant to this appeal.

On July 30, 2015 the District Court entered its final judgment granting defendant's Motion to Dismiss Count I of the Complaint with prejudice disposing of Plaintiffs' only claim or right under 28 U.S.C § 1331. The District Court remanded the remaining counts to state court. [ D.E 58]

Jurisdiction in the United States Circuit Court of Appeals for the Seventh Circuit is founded on 28 U.S.C. §1291

On August 26, 2015 the plaintiff-appellants timely filed their notice of appeal with the Clerk of the United States District Court for the Northern District of Illinois.

Respectfully submitted by:


/s/ Donald K. Birner
 Donald K. Birner
 Law Office of Donald K. Birner
 2613 Mayflower Dr.
 Pekin, Il. 61665
 309.347.7058
 d.birner@comcast.net

2

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs hereby certifies that he electronically filed the foregoing Docketing Statement, with the clerk of the court and served upon counsel of record for the the Defendant using the CM/ECF system on August 26, 2015

By: /s/ Donald K. Birner
Donald K. Birner

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1**
**Eastern Division**

Dawain Bell, et al.

                          Plaintiff,

v.                                             Case No.: 1:14–cv–07382

City Of Chicago

                          Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, July 30,2015:

       MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant's motion to dismiss [17] is granted in part (as to the federal claim) and denied without prejudice in part (as to the state law claims). Count I of the complaint is dismissed to the extent it raises a Fourth Amendment claim. This suit, which now consists only of Plaintiffs' state law claims, is remanded to the Circuit Court of Cook County, Illinois. The Clerk shall effectuate the remand forthwith. Enter judgment order. Civil case remanded.Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If an order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWAIN BELL and ALICE SPINKS, on behalf of themselves and others similarly situated, | ) ) | |
| | ) | 14 C 7382 |
| Plaintiffs, | ) | |
| | ) | Judge Feinerman |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Dawain Bell and Alice Spinks brought this putative class action in the Circuit Court of

Cook County, Illinois, against the City of Chicago, alleging that its impoundment ordinance is

facially invalid under the Fourth Amendment and Illinois law.  Docs. 1-1, 43.  After removing

the suit from state court, Doc. 1, Defendants moved under Federal Rule of Civil Procedure

12(b)(6) to dismiss the complaint, Doc. 17.  During briefing, Plaintiffs filed an amended Fourth

Amendment claim, Doc. 43, and the motion to dismiss was deemed to be directed at the

complaint as amended, Doc. 42.  For the following reasons, the Fourth Amendment claim is

dismissed with prejudice and the state law claims are remanded to state court.

## Background

On a Rule 12(b)(6) motion, the court must accept as true the complaint's well-pleaded

factual allegations, with all reasonable inferences drawn in Plaintiffs' favor, but not its legal

conclusions.  *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014).  The

court must also consider "documents attached to the complaint, documents that are critical to the

complaint and referred to in it, and information that is subject to proper judicial notice," along

with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional

facts are "consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Plaintiffs as those materials allow. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).

On September 4, 2012, Bell was arrested for possession of a controlled substance. At the time of his arrest, Bell was driving Spinks's car, which was impounded pursuant to Chicago Municipal Code ("MCC") § 2-14-132. Doc. 1-1 at pp. 19-20, 57-61. Spinks challenged the impoundment. At a hearing on September 6, 2012, an administrative law judge ("ALJ") found probable cause that Spinks's vehicle contained unlawful drugs in violation of MCC § 7-24-225—one of the impoundment ordinance's predicate offenses—and assessed a $2,000 penalty and $180 in fees. Doc. 1-1 at p. 60. The ALJ's order stated that Spinks had 35 days to appeal the order to the Circuit Court of Cook County. *Ibid*. At a full contested hearing on October 2, 2012, an ALJ entered an order finding a violation of § 7-24-225 and assessed the same penalty and fees. Doc. 18-1. That order again noted Spinks's right to appeal to the Circuit Court of Cook County. *Ibid*. Nothing in the record indicates that Spinks availed herself of that right.

In the meantime, Bell was charged in state court under 720 ILCS 570/402(c) with cocaine possession. Doc. 18-2 at 1-3. He was convicted and sentenced to eighteen months' probation. *Id*. at 4-5.

### Discussion

Plaintiffs' sole federal claim alleges that the impoundment ordinance facially violates the Fourth Amendment. Docs. 1-1, 43 (where the only federal claim in the complaint, as amended, arises under the Fourth Amendment); Doc. 42 (noting that at the February 17, 2015 hearing, "Plaintiffs confirmed that their only federal claim lies under the Fourth Amendment.").

Although "facial challenges under the Fourth Amendment are not categorically barred or especially disfavored," such challenges are "the most difficult … to mount successfully." *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2449 (2015) (ellipses in original, internal quotation marks omitted). A facial challenge can succeed only if the plaintiff shows that "a law is unconstitutional in all of its applications," with "the proper focus of the constitutional inquiry [being] searches [and seizures] that the law actually authorizes, not those for which it is irrelevant." *Id*. at 2451 (internal quotation marks omitted). Put another way, the pertinent inquiry does not consider circumstances where the search or seizure is independently authorized by a component of or exception to the Fourth Amendment—such as a warrant, an exigency, or a person's consent—but instead considers only those circumstances where the challenged law itself provides the sole authorization. *Ibid*.

Plaintiffs allege that the ordinance violates the Fourth Amendment's warrant requirement by permitting "warrantless arrests, searches and seizures in *all* impoundments" and by permitting "*all* arrests, searches and seizures to be conducted outside the judicial process and without arrest or search warrants issued by the court." Doc. 43 at ¶¶ 43, 45. The allegation has no possible merit with respect to arrests, as the ordinance says nothing about arrests and thus does not authorize the arrest of any person. The ordinance does authorize certain warrantless seizures, so the court must examine whether, in so doing, it violates the Fourth Amendment.

The ordinance sets forth procedures for seizing and impounding a vehicle involved in various "status-related" and "use-related" offenses. *See* MCC § 2-14-132(1). Each enumerated offense requires a police officer or other authorized agent to have probable cause before causing a vehicle to be seized and impounded. *See* MCC §§ 3-46-076, 3-56-155, 4-68-195, 7-24-225, 7-24-226, 7-28-390, 7-28-440, 7-38-115(c-5), 8-4-130, 8-8-060, 8-20-070, 9-12-090, 9-32-040, 9-

76-145, 9-80-220, 9-80-225, 9-80-240, 9-92-035, 9-110-180(b), 9-112-640, 9-114-420, 9-115-240, 10-8-480(c), 11-4-1410, 11-4-1500, 15-20-270.  For example, the use-related offense for which Spinks's car was impounded provides that "[w]henever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment" because the vehicle "contains any controlled substance or cannabis … or that is used in the purchase, attempt to purchase, sale or attempt to sell such controlled or cannabis," the vehicle "shall be subject to seizure and impoundment pursuant to this section."  MCC § 7-24-225.

Plaintiffs are correct that certain warrantless seizures violate the Fourth Amendment.  Doc. 34 at 22.  But they forget that a warrantless vehicle seizure and search does not violate the Fourth Amendment if the officer has probable cause to believe that the vehicle is being used to conduct illegal activity.  *See Florida v. White*, 526 U.S. 559, 564-66 (1999) (approving the warrantless seizure of an automobile from public property where the police had probable cause to believe that the automobile was contraband under Florida law); *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352-53 (1977) (finding no Fourth Amendment violation where there was probable cause that vehicles seized without a warrant were properly subject to seizure to satisfy a tax lien); *Carroll v. United States*, 267 U.S. 132, 155-56 (1925) (approving the warrantless search of an automobile where the officer has "reasonable or probable cause for believing" that it contained contraband that was being transported illegally); *United States v. Richards*, 719 F.3d 746, 754 (7th Cir. 2013) ("Cars … are exempted from the warrant requirement provided officers have probable cause to believe the car contains contraband."); *United States v. McGuire*, 957 F.2d 310, 314 (7th Cir. 1992) ("[A] car may be searched without a warrant if there is probable cause to believe that the car contains contraband or evidence.").  Thus, because each status- and use-related offense to which the impoundment ordinance applies requires probable cause before

an impoundment may occur, the ordinance by its terms aligns completely with governing precedent and therefore complies with the Fourth Amendment. Put another way, for purposes of its initial authorization of an impoundment, the ordinance does not operate outside the scope of the existing Fourth Amendment doctrine, and therefore cannot be understood to violate the Fourth Amendment. *See Rush v. Superintendent of Police*, 1994 WL 114847, at *4 (N.D. Ill. 1994) ("Because the Impoundment Ordinance requires a police officer to make a probable cause determination prior to seizure, we conclude that the Impoundment Ordinance does not on its face violate the Fourth Amendment.") (dismissing a Fourth Amendment facial challenge to an impoundment ordinance directed at taxicabs).

Plaintiffs also challenge the ordinance's post-seizure procedures, complaining that they violate the Fourth Amendment by "unlawfully vesting the City's hearing officer with judicial power to determine probable cause for warrantless arrest and seizure of the property." Doc. 43 at ¶ 49. The ordinance provides a detailed set of procedures by which an owner can contest the validity of her vehicle's impoundment. If an owner contests an impoundment and requests a hearing, an ALJ conducts the hearing to determine whether probable cause supported the seizure. *See* MCC § 2-14-132(1). If the ALJ determines there was no probable cause, the owner can retrieve her vehicle without penalty or cost. *See ibid*. If, however, the ALJ determines that there was probable cause, the owner must pay an administrative penalty, as well as towing and storage costs, to retrieve her vehicle. *See ibid*.; MCC § 7-24-225(a).

Plaintiffs contend that ALJs are not "detached, neutral magistrates" qualified under the Fourth Amendment to perform this "judicial function." Doc. 1-1 at ¶ 49; Doc. 34 at 13, 23-26, Doc. 43 at ¶ 49. In so arguing, Plaintiffs do not cite, and the court's own research was unable to find, any case law supporting the proposition that the Fourth Amendment requires a non-ALJ

judicial officer to make a probable cause determination after the initial seizure of a vehicle. The problem with Plaintiff's argument is actually deeper, for as the Seventh Circuit has explained, the Fourth Amendment does not even speak to the validity of the government's continued possession of property following its seizure:

> Once an individual has been meaningfully dispossessed, the seizure of the property is complete, and once justified by probable cause, that seizure is reasonable. The [fourth] amendment then cannot be invoked by the dispossessed owner to regain his property. The search [of the plaintiff's car] was completed after ten days. Conditioning the car's release upon payment of towing and storage fees after the search was completed neither continued the initial seizure nor began another.

*Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003). Because the seizure of Spinks's car was complete when it was towed and impounded, the duration of the impoundment and the procedure for retrieving the vehicle does not implicate the Fourth Amendment.

It is the Due Process Clause, not the Fourth Amendment, that regulates the government's continued retention of seized property. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 51-52 (1993) (rejecting the proposition "that the Fourth Amendment is the beginning and end of the constitutional inquiry whenever a seizure occurs," and stating that when the government asserts "ownership and control" over property, its conduct must comport with due process); *Towers v. City of Chicago*, 173 F.3d 619, 626-29 (7th Cir. 1999) (applying a due process analysis to evaluate MCC § 7-24-255, the use-related offense for which Spinks's vehicle was towed and impounded); *Sutton v. City of Milwaukee*, 672 F.2d 644, 645 (7th Cir. 1982) (recognizing a property interest in one's vehicle and stating that "the state may not deprive him of it without due process of law"); *Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009) ("A complaint of continued retention of legally seized property raises an issue of procedural due process."). By not arguing that the use of ALJs to conduct a post-impoundment hearing violates the Due Process Clause, however, Plaintiffs have forfeited any due process claim. *See G & S*

*Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("[T]he forfeiture doctrine applies not only to a litigant's failure to raise a general argument … but also to a litigant's failure to advance a specific point in support of a general argument ….."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted).

In any event, even putting aside forfeiture, although Plaintiffs insinuate that the ALJs are biased in the City's favor, Doc. 44 at 4-5, they provide no basis to "overcom[e] the well-established presumption of honesty and integrity in those serving as adjudicators." *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 716 (7th Cir. 2000) ("Amundsen's bald accusation is based solely on the fact that the hearing officer was employed by the Park District, which of itself is insufficient to establish actual bias.") (internal quotation marks omitted); *see also Felder v. City of Chicago*, 2009 WL 742774, at *4 (N.D. Ill. Mar. 19, 2009) (relying on *Amundsen* to reject a similar challenge to the impartiality of ALJs handling impoundment cases for the City of Chicago). Courts have consistently and routinely rejected similar challenges to the propriety of ALJs adjudicating like matters. *See*, *e.g.*, *Christian v. City of Springfield*, 2015 IL App (4th) 140587-U, ¶¶ 28-33, 2015 WL 1612165, at *4-5 (Apr. 10, 2015) (rejecting the claim that a hearing officer was not a "detached, neutral magistrate," and therefore lacked authority under the

Fourth Amendment, to determine whether a vehicle impoundment was supported by probable cause); *People v. Jaudon*, 718 N.E.2d 647, 656 (Ill. App. 1999) (rejecting a substantive due process challenge to Chicago Municipal Code provisions permitting the impoundment of vehicles containing an unregistered firearm and empowering administrative hearing officers to adjudicate challenges to such impoundments). It bears mention that the Chicago Municipal Code provides for judicial review of the ALJ's decisions under the impoundment ordinance. *See* MCC § 2-14-102 ("Any final decision by the department of administrative hearings that a code violation does or does not exist shall constitute a final determination for purposes of judicial review and shall be subject to review under the Illinois Administrative Review Law."); Doc. 1-1 at 60 (initial ALJ order) (noting that "[t]his Order may be appealed to the Circuit Court of Cook Co. (Daley Center 6 Fl.) within 35 days by filing a civil law suit"); Doc. 18-1 (subsequent ALJ order) (same). So the ultimate decision regarding whether probable cause exists to believe that the vehicle was used in the commission an enumerated offense lies with the judiciary. *See Christian*, 2015 WL 1612165, at *6; *Van Harken v. City of Chicago*, 713 N.E.2d 754, 759-60 (Ill. App. 1999) (in rejecting a challenge to Chicago Municipal Code provisions permitting administrative hearing officers to determine parking ticket liability, noting that the officers' decisions were subject to judicial review). Plaintiffs do not and could not explain how the ordinance's scheme, particularly with its judicial backstop, violates the federal Constitution.

For these reasons, Plaintiffs' Fourth Amendment claim fails on the merits. Because the claim's flaws cannot be cured by repleading, it is dismissed with prejudice. *See Gonzalez-Koeneke v. West*, __ F.3d __, 2015 WL 3989130, at *4-5 (7th Cir. July 1, 2015) ("District courts … have broad discretion to deny leave to amend where … the amendment would be futile.")

(internal quotation marks omitted).  With the sole federal claims dismissed, the court exercises

its direction to relinquish jurisdiction over the state law claims.

Section 1367(c)(3) of Title 28 provides that "[t]he district courts may decline to exercise

supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed

all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "As a general matter,

when all federal claims have been dismissed prior to trial, the federal court should relinquish

jurisdiction over the remaining pend[e]nt state claims."  *Williams v. Rodriguez,* 509 F.3d 392,

404 (7th Cir.2007).  This general rule has three exceptions: "when the [refiling] of the state

claims is barred by the statute of limitations; where substantial judicial resources have already

been expended on the state claims; and when it is clearly apparent how the state claim is to be

decided."  *Ibid*.  None of the exceptions apply here.  Plaintiffs will not have to refile their state

law claims, as those claims, having arrived in federal court via removal, will be remanded to

state court.  Substantial federal judicial resources have not yet been committed to the state law

claims.  And it is not clearly apparent how the various state constitutional and statutory claims

should be decided.  This is so even for Plaintiffs' claim under the Illinois constitution's analog to

the Fourth Amendment, as "there may be instances where the meaning of [the Illinois] search

and seizure clause differs from that of the federal constitution."  *People v. Gaytan*, 32 N.E.3d

641, 653 (Ill. 2015) (citing *People v. Caballes*, 851 N.E.2d 26, 39-45 (Ill. 2006)).  It follows that

relinquishing jurisdiction over the state law claims is the appropriate course under § 1367(c)(3).

*See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-80 (7th Cir. 2012); *Wright v.

Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994).

**Conclusion**

The City's motion to dismiss is granted in part (as to the federal claim) and denied without prejudice in part (as to the state law claims). Plaintiffs' Fourth Amendment claim is dismissed with prejudice. The court relinquishes jurisdiction over the state law claims and remands them to the Circuit Court of Cook County.

**July 30, 2015**

1

United States District Judge

ILND 450 (Rev. 10/13) Judgment in a Civil Action

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Dawain Bell, et al.,

Plaintiff(s),

v.

City of Chicago, et al.,

Defendant(s).

Case No.  14 C 7382
Judge  Gary Feinerman

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
and against defendant(s)
in the amount of $       ,

       which ☐ includes     pre–judgment interest.
                ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐     in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒     other: Judgment is entered in favor of Defendant City of Chicago and against Plaintiffs Dawain Bell and Alice Spinks as to Plaintiffs' federal claim.  This judgment does not speak, one way or the other, to Plaintiffs' state law claims.

---

This action was (check one):

☐ tried by a jury with Judge     presiding, and the jury has rendered a verdict.
☐ tried by Judge     without a jury and the above decision was reached.
☒ decided by Judge Gary Feinerman on a motion.

Date:  7/30/2015

Thomas G. Bruton, Clerk of Court

/s/ Jackie Deanes , Deputy Clerk

APPEAL,TERMED,VALDEZ

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:14-cv-07382
## Internal Use Only

Bell et al v. City Of Chicago
Assigned to: Honorable Gary Feinerman
Case in other court: Circuit Court of Cook County, 14 l
                      050589
Cause: 28:1441 Petition for Removal- Civil Rights Act

Date Filed: 09/23/2014
Date Terminated: 07/30/2015
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Dawain Bell**          represented by    **Donald K. Birner**
Attorney at Law
2613 Maflower Drive
Pekin, IL 61554
(309) 347-7058
Email: d.birner@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Bishof , Jr.**
Law Office of John S. Bishof, P.C.
101 N. Wacker Drive
Suite 200
Chicago, IL 60606
(312)630-2048
Email: jsbishof@jsblegal.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alice Spinks**          represented by    **Donald K. Birner**
*on behalf of themselves and all others*                       (See above for address)
*similarly situated*                              *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John S. Bishof , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City Of Chicago**          represented by

**Rebecca Alfert Hirsch**
City of chicago
30 N. LaSalle St
Suite 1230
Chicago, IL 60602
(312) 742-0260
Email:
rebecca.alfert@cityofchicago.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grant Erwin Ullrich**
City Of Chicago Department Of Law
30 N Lasalle St Ste 1230
Chicago, IL 60602
(312) 744-7864
Email: grant.ullrich@cityofchicago.org
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2014 | 1 | NOTICE of Removal from Circuit Court of Cook County, case number (14 L 050589) filed by City Of Chicago (Attachments: # 1 Exhibit A) (Hirsch, Rebecca) (Entered: 09/23/2014) |
| 09/23/2014 | 2 | CIVIL Cover Sheet (Hirsch, Rebecca) (Entered: 09/23/2014) |
| 09/23/2014 | 3 | ATTORNEY Appearance for Defendant City Of Chicago by Rebecca Alfert Hirsch (Hirsch, Rebecca) (Entered: 09/23/2014) |
| 09/23/2014 | | CASE ASSIGNED to the Honorable Gary Feinerman. Designated as Magistrate Judge the Honorable Maria Valdez. (nsf, ) (Entered: 09/23/2014) |
| 09/23/2014 | 🔒 6 | (Court only) RECEIPT regarding payment of filing fee paid on 9/23/2014 in the amount of $400.00, receipt number 4624127352. (jh, ) (Entered: 09/24/2014) |
| 09/24/2014 | 4 | MOTION by Defendant City Of Chicago for extension of time to file answer *or otherwise plead (unopposed)* (Hirsch, Rebecca) (Entered: 09/24/2014) |
| 09/24/2014 | 5 | NOTICE of Motion by Rebecca Alfert Hirsch for presentment of motion for extension of time to file answer 4 before Honorable Gary Feinerman on 9/30/2014 at 09:00 AM. (Hirsch, Rebecca) (Entered: 09/24/2014) |
| 09/24/2014 | 7 | MAILED Notice of Removal letter with an attorney appearance form to counsel of record. (as, ) (Entered: 09/24/2014) |
| 09/25/2014 | 8 | MINUTE entry before the Honorable Gary Feinerman:Initial status hearing set for 10/30/2014 at 9:00 a.m. Initial Status Report shall be filed by 10/23/2014. Please see Judge Feinerman's web page |

| | | |
|---|---|---|
| | | (http://www.ilnd.uscourts.gov, to "District Judges," to "Judge Gary Feinerman," to "Initial Status Hearings" under Case Management Procedures) for details on the Initial Status hearing and Initial Status Report.Mailed notice. (jlj, ) (Entered: 09/25/2014) |
| 09/25/2014 | 9 | MINUTE entry before the Honorable Gary Feinerman:Defendant's unopposed motion for extension of time to answer 4 is granted. The time for Defendants to answer or otherwise plead to the complaint is extended to 10/30/2014. Motion hearing scheduled for 9/30/2014 5 is stricken. Mailed notice. (jlj, ) (Entered: 09/25/2014) |
| 09/29/2014 | 10 | ATTORNEY Appearance for Defendant City Of Chicago by Grant Erwin Ullrich (Ullrich, Grant) (Entered: 09/29/2014) |
| 10/07/2014 | 11 | MOTION by Plaintiffs Dawain Bell, Alice Spinksfor leave to appear Pro Hac Vise Filing fee $50 receipt number 0752-9909491 (Birner, Donald) Modified by Clerks Office on 10/9/2014 (jh, ). (Entered: 10/07/2014) |
| 10/07/2014 | 12 | ANSWER to question. (Birner, Donald) (Docket Text Modified by Clerk's Office on 10/9/2014) (mr, ). Docket Text Modified on 10/9/2014 (jh, ). (Entered: 10/07/2014) |
| 10/16/2014 | 13 | MINUTE entry before the Honorable Gary Feinerman:Motion for leave to appear pro hac vice 11 is granted. Mailed notice. (jlj, ) (Entered: 10/16/2014) |
| 10/17/2014 | 14 | ATTORNEY Appearance for Plaintiffs Dawain Bell, Alice Spinks by Donald K. Birner (Birner, Donald) (Entered: 10/17/2014) |
| 10/22/2014 | 15 | ATTORNEY Appearance for Plaintiffs Dawain Bell, Alice Spinks by John S. Bishof, Jr (Bishof, John) (Entered: 10/22/2014) |
| 10/23/2014 | 16 | STATUS Report *Initial Joint Staus Report* by City Of Chicago (Hirsch, Rebecca) (Entered: 10/23/2014) |
| 10/30/2014 | 17 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Ullrich, Grant) (Entered: 10/30/2014) |
| 10/30/2014 | 18 | MEMORANDUM by City Of Chicago in support of Motion to Dismiss for Failure to State a Claim 17 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Ullrich, Grant) (Entered: 10/30/2014) |
| 10/30/2014 | 19 | MINUTE entry before the Honorable Gary Feinerman:Status hearing held and continued to 2/12/2015 at 9:00 a.m. Defendant's motion to dismiss will be filed today. Plaintiffs' response due by 11/26/2014; reply due by 12/17/2014. By agreement of the parties, discovery is stayed pending resolution of the motion to dismiss.Mailed notice. (jlj, ) (Entered: 10/31/2014) |
| 11/06/2014 | 20 | MOTION by Plaintiffs Dawain Bell, Alice Spinks for leave to file excess pages *Unopposed* (Birner, Donald) (Entered: 11/06/2014) |
| 11/06/2014 | 21 | NOTICE of Motion by Plaintiffs Dawain Bell, Alice Spinks for hearing re MOTION by Plaintiffs Dawain Bell, Alice Spinks for leave to file excess |

|  |  | pages *Unopposed* 20 *Notice* (Birner, Donald) (Docket Text Modified by Clerk's Office on 11/6/2014) (mr, ). (Entered: 11/06/2014) |
|---|---|---|
| 11/06/2014 | 22 | NOTICE of Motion by Donald K. Birner for presentment of motion for leave to file excess pages 20 before Honorable Gary Feinerman on 11/12/2014 at 09:00 AM. (Birner, Donald) (Entered: 11/06/2014) |
| 11/10/2014 | 23 | MINUTE entry before the Honorable Gary Feinerman:Motion for leave to file excess pages 20 is granted. Plaintiffs may file an oversized opposition brief to Defendant's motion to dismiss 17 , not to exceed 30 pages. Motion hearing scheduled for 11/12/2014 22 is stricken.Mailed notice. (jlj, ) (Entered: 11/10/2014) |
| 11/20/2014 | 24 | MOTION by Plaintiff Alice Spinks for extension of time to file response/reply *to motion to dismiss unopposed* (Birner, Donald) (Entered: 11/20/2014) |
| 11/20/2014 | 25 | NOTICE of Motion by Donald K. Birner for presentment of before Honorable Gary Feinerman on 11/26/2014 at 09:00 AM. (Birner, Donald) (Entered: 11/20/2014) |
| 11/20/2014 | 26 | MOTION by Plaintiffs Dawain Bell, Alice Spinks for discovery (Birner, Donald) (Entered: 11/20/2014) |
| 11/20/2014 | 27 | NOTICE of Motion by Donald K. Birner for presentment of before Honorable Gary Feinerman on 11/26/2014 at 09:00 AM. (Birner, Donald) (Entered: 11/20/2014) |
| 11/21/2014 | 28 | MINUTE entry before the Honorable Gary Feinerman:Plaintiffs' unopposed motion for extension of time to file response 24 is granted. The time for Plaintiff to respond to the motion to dismiss 17 is extended to 12/17/2014; reply due by 1/7/2015. Plaintiffs' motion for leave to conduct limited discovery 26 is denied without prejudice for failure to comply with Local Rule 37.2. Motion hearings scheduled for 11/26/2014 25 and 27 are stricken.Mailed notice. (jlj, ) (Entered: 11/21/2014) |
| 11/25/2014 | 29 | MOTION by Plaintiffs Dawain Bell, Alice Spinks for discovery *amended* (Birner, Donald) (Entered: 11/25/2014) |
| 11/25/2014 | 30 | AMENDED Notice of Presentment of Motion. (Birner, Donald) Docket Test Modified by Clerks Office on 11/26/2014 (jh, ). (Entered: 11/25/2014) |
| 12/03/2014 | 31 | MINUTE entry before the Honorable Gary Feinerman:Motion hearing held. Plaintiffs' amended motion for leave to conduct limited discovery 29 is entered and continued to 12/11/2014 at 9:00 a.m. Defendants shall respond to the motion by 12/8/2014.Mailed notice. (jlj, ) (Entered: 12/04/2014) |
| 12/08/2014 | 32 | RESPONSE by City Of Chicago to MOTION by Plaintiffs Dawain Bell, Alice Spinks for discovery *amended* 29 (Hirsch, Rebecca) (Entered: 12/08/2014) |
| 12/11/2014 | 33 |  |

| | | |
|---|---|---|
| | | MINUTE entry before the Honorable Gary Feinerman:Status hearing held. Motion hearing held. For the reasons stated on the record, Plaintiffs' amended motion for leave to conduct limited discovery 29 is denied without prejudice. Plaintiffs' oral motion to extend time to respond to Defendant's motion to dismiss 17 is granted. Plaintiffs shall respond to the motion to dismiss 17 by 12/24/2014; Defendant's reply due by 1/14/2015. The response and reply shall address only the federal claims, not the state law claims. Status hearing scheduled for 2/12/2015 19 shall stand.Mailed notice. (jlj, ) (Entered: 12/11/2014) |
| 12/23/2014 | 34 | MEMORANDUM by Dawain Bell, Alice Spinks in Opposition to Motion to Dismiss for Failure to State a Claim 17 (Attachments: # 1 Exhibit, # 2 Exhibit)(Birner, Donald) (Entered: 12/23/2014) |
| 01/14/2015 | 35 | DEFENDANT'S Reply in support of Motion to Dismiss Plaintiffs' Complaint. (Ullrich, Grant) Docket Text Modified by Clerks Office on 1/15/2015 (jh, ). (Entered: 01/14/2015) |
| 02/03/2015 | 36 | MOTION by Plaintiffs Dawain Bell, Alice Spinks for leave to file *Amended Count I of Complaint* (Attachments: # 1 Exhibit)(Birner, Donald) (Entered: 02/03/2015) |
| 02/03/2015 | 37 | NOTICE of Motion by Donald K. Birner for presentment of before Honorable Gary Feinerman on 2/12/2015 at 09:00 AM. (Birner, Donald) (Entered: 02/03/2015) |
| 02/04/2015 | 38 | MINUTE entry before the Honorable Gary Feinerman: At the parties' request, the 2/12/2015 status hearing 19 and the motion hearing 37 are stricken and reset to 2/17/2015 at 9:00 a.m. Mailed notice (lcw, ) (Entered: 02/04/2015) |
| 02/05/2015 | 39 | UNOPPOSED Motion by Donald K. Birner for presentment for leave to Supplement Response before Honorable Gary Feinerman on 2/17/2015 at 09:00 AM. (Birner, Donald) Docket Text Modified by Clerks Office on 3/4/2015 (jh, ). (Entered: 02/05/2015) |
| 02/05/2015 | 40 | MOTION by Plaintiffs Dawain Bell, Alice Spinks for leave to file *supplemental response* (Attachments: # 1 Supplement)(Birner, Donald) (Entered: 02/05/2015) |
| 02/05/2015 | 41 | *Amended* NOTICE of Motion by Donald K. Birner for presentment of motion for leave to file 40 before Honorable Gary Feinerman on 2/17/2015 at 09:00 AM. (Birner, Donald) (Entered: 02/05/2015) |
| 02/17/2015 | 42 | MINUTE entry before the Honorable Gary Feinerman: Status hearing held and continued to 3/25/2015 at 9:00 a.m. Motion hearing held. Plaintiffs motion for leave to file an amended complaint 36 is granted. The parties confirmed that Defendants pending motion to dismiss 17 is deemed to be directed to the amended complaint. Plaintiffs confirmed that their only federal claim lies under the Fourth Amendment. Plaintiffs' motion for leave to file supplemental response 40 is granted. Plaintiffs shall file their amended complaint and supplemental response as separate entries on the docket. Mailed notice (lcw, ) (Entered: 02/18/2015) |

| | | |
|---|---|---|
| 02/22/2015 | 43 | AMENDED *Count I of Complaint* (Birner, Donald) (Entered: 02/22/2015) |
| 02/22/2015 | 44 | RESPONSE by Dawain Bell, Alice Spinks to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 17 *supplemental response* (Birner, Donald) (Entered: 02/22/2015) |
| 03/10/2015 | 45 | MOTION by Plaintiffs Dawain Bell, Alice Spinks Requesting Oral Argument. (Birner, Donald) Docket Text Modified by Clerks Office on 3/12/2015 (jh, ). (Entered: 03/10/2015) |
| 03/10/2015 | 46 | NOTICE of Motion by Donald K. Birner for presentment of Motion Requesting Oral Arguement 45 before Honorable Gary Feinerman on 3/25/2015 at 09:00 AM. (Birner, Donald) Docket Text Modified by Clerks Office on 3/12/2015 (jh, ). (Entered: 03/10/2015) |
| 03/11/2015 | 47 | MINUTE entry before the Honorable Gary Feinerman: Plaintiff's motion requesting oral argument 45 is denied without prejudice. If the court believes that oral argument is necessary, it will inform the parties. The 3/25/2015 motion hearing 46 is stricken. Mailed notice (lcw, ) (Entered: 03/11/2015) |
| 03/23/2015 | 48 | MINUTE entry before the Honorable Gary Feinerman: The 3/25/2015 status hearing 42 is stricken and re-set for 4/27/2015 at 9:00 a.m. Mailed notice (lcw, ) (Entered: 03/23/2015) |
| 04/14/2015 | 49 | MINUTE entry before the Honorable Gary Feinerman:At the request of the parties', status hearing set for 4/27/2015 48 is stricken and re-set for 5/12/2015 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 04/14/2015) |
| 05/11/2015 | 50 | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 5/12/2015 49 is stricken and re-set for 6/16/2015 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 05/11/2015) |
| 06/12/2015 | 51 | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 6/16/2015 50 is stricken and re-set for 7/20/2015 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 06/12/2015) |
| 07/06/2015 | 52 | MOTION by Plaintiffs Dawain Bell, Alice Spinks to supplement *and take judicial notice* (Attachments: # 1 Exhibit)(Birner, Donald) (Entered: 07/06/2015) |
| 07/06/2015 | 53 | NOTICE of Motion by Donald K. Birner for presentment of motion to supplement 52 before Honorable Gary Feinerman on 7/20/2015 at 09:00 AM. (Birner, Donald) (Entered: 07/06/2015) |
| 07/08/2015 | 54 | MINUTE entry before the Honorable Gary Feinerman:Plaintiffs' motion to supplement and request the court to take judicial notice of recently issued United States Supreme Court ruling 52 is granted. The court notes that it has been holding off ruling on the pending motion to dismiss in anticipation of the Supreme Court's decision in City of Los Angeles v. Patel, No. 13-1175 (U.S. June 22, 2015). Motion hearing set for 7/20/2015 53 is stricken. Mailed notice. (jlj, ) (Entered: 07/08/2015) |
| 07/16/2015 | 55 | |

| | | |
|---|---|---|
| | | MINUTE entry before the Honorable Gary Feinerman: Status hearing set for 7/20/2015 51 is stricken and re-set for 8/17/2015 at 9:00 a.m.Mailed notice. (jlj, ) (Entered: 07/16/2015) |
| 07/30/2015 | 56 | MINUTE entry before the Honorable Gary Feinerman:For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant's motion to dismiss 17 is granted in part (as to the federal claim) and denied without prejudice in part (as to the state law claims). Count I of the complaint is dismissed to the extent it raises a Fourth Amendment claim. This suit, which now consists only of Plaintiffs' state law claims, is remanded to the Circuit Court of Cook County, Illinois. The Clerk shall effectuate the remand forthwith. Enter judgment order. Civil case remanded.Mailed notice. (jlj, ) (Entered: 07/30/2015) |
| 07/30/2015 | 57 | MEMORANDUM Opinion and Order Written by the Honorable Gary Feinerman on 7/30/2015. Status hearing set for 8/17/2015 55 is stricken.Mailed notice.(jlj, ) (Entered: 07/30/2015) |
| 07/30/2015 | 58 | ENTERED JUDGMENT on 7/30/2015.Mailed notice.(jlj, ) (Entered: 07/30/2015) |
| 08/26/2015 | 59 | NOTICE of appeal by Dawain Bell, Alice Spinks regarding orders 57 , 58 , 56 Filing fee $ 505, receipt number 0752-11013002. (Attachments: # 1 Notice of Filing)(Birner, Donald) (Entered: 08/26/2015) |
| 08/26/2015 | 60 | DOCKETING Statement by Dawain Bell, Alice Spinks regarding notice of appeal 59 (Birner, Donald) (Entered: 08/26/2015) |
| 08/26/2015 | 61 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 59 . (smm) (Entered: 08/26/2015) |